## 71582. GILLINGWATER v. CITY OF VALDOSTA.
(339 SE2d 287)

BANKE, Chief Judge.

Joanne Gillingwater sued the City of Valdosta to recover for personal injuries she allegedly incurred as the result of a fall through a broken water meter lid. She appeals an order awarding summary judgment to the city based on her failure to provide a timely, written ante litem notice in accordance with OCGA § 36-33-5.

An attorney who previously represented Gillingwater orally notified the city attorney of the incident and of his client's intent to submit a claim. This attorney submitted an affidavit averring that he had been informed by the city attorney that the claim had twice been submitted to the city council and denied but that he (the city attorney) would again attempt to persuade the city to reimburse Gillingwater for her medical expenses. It was further averred in this affidavit that the city attorney had stated that no written ante litem notice would be required in view of the fact that the matter had already been brought to the city's attention.

The city attorney acknowledged that he had received verbal notice of the claim and had twice submitted it to the city's Accident Review Board; however, he denied having made the statement that no written ante litem notice would be necessary and further denied having the authority to waive such notice. *Held*:

1. The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. *Schaefer v. Mayor & Council of the City of Athens*, 120 Ga. App. 301 (1) (170 SE2d 339) (1969). "Formal, written notice is required . . ." *Cobb v. Bd. of Commissioners &c. of Tift County*, 151 Ga. App. 472, 473 (260 SE2d 496) (1979). See also *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752) (1966).

Although Gillingwater contends that there has been substantial compliance with the statutory ante litem notice requirement, we have been provided no authority, nor are we aware of any, holding that oral notice to a municipal corporation or a representative thereof may be considered substantial compliance with the provisions of the statute. See generally OCGA § 36-33-5. Accordingly, we find this contention to be without merit.

2. Gillingwater contends that the city is estopped from invoking the requirement of written notice because of the alleged representations made by the city attorney. Assuming *arguendo* that such representations were made, it affirmatively appears from the record that the city attorney had no authority to waive the statutory notice requirement on behalf of the city; and Gillingwater has submitted no evidence to refute this showing. A governing authority cannot be estopped as the result of an *ultra vires* act on the part of one of its

officers. See *Corey Outdoor Advertising v. Bd. of Zoning, &c. of Atlanta,* 254 Ga. 221 (3) (327 SE2d 178) (1985); *City of Atlanta v. Bull,* 161 Ga. App. 648 (288 SE2d 335) (1982). Accordingly, any unauthorized declarations on the part of the city attorney would not estop the city from invoking the statutory notice requirement. It follows that the city was entitled to judgment as a matter of law and that the trial court did not err in so ruling.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1985 —
REHEARING DENIED DECEMBER 16, 1985 — ▮▮▮▮▮▮▮

*Berrien L. Sutton,* for appellant.
*George T. Talley,* for appellee.