## A93A2219. CITY OF LaGRANGE v. USAA INSURANCE COMPANY.
### (438 SE2d 137)

BIRDSONG, Presiding Judge.

We granted this interlocutory appeal to determine whether the trial court erred in denying summary judgment to the City of LaGrange in this suit by USAA Insurance Company (USAA). USAA claims subrogation for damage to its insured's house caused by a burst water main on October 3, 1990. USAA contends it complied with the provisions of OCGA § 36-33-5 by giving timely notice to the City's insurer Gallagher Bassett Services, Inc.; or, that the City

waived the statutory requirements for ante litem notice.

OCGA § 36-33-5 (a) and (b) provide that no party shall bring suit against a municipal corporation for injuries to person or property without first giving notice within six months of the event, "in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury."

USAA's employee Lois Ressler stated in affidavit that on February 6, 1991, she contacted the City of LaGrange and asked to speak to the department responsible for handling claims. She was referred to the City's personnel department. Ressler asked a personnel department employee whom USAA should notify with respect to its claim; Ressler was informed that the City's insurance was with Gallagher Bassett and was instructed to submit USAA's claim to Gallagher Bassett in Atlanta. Rick Cofer of Gallagher Bassett instructed Ressler to send all paperwork to him, and to contact Gwen Nugent in the City's personnel department and have Nugent report the loss. On February 7, 1991, Ressler sent Gallagher Bassett a letter which she says fully notified the City of LaGrange of the loss; according to Ressler, Gallagher Bassett on behalf of the City of LaGrange sent her a letter acknowledging her February 7 letter and "dictating" that Gallagher Bassett was claims administrator for the City and would be handling the claim. On February 21, 1991, Ressler told the City's personnel department employee, Nugent, that USAA had a claim against the City; Nugent stated that if Ressler would send all support documents to her attention when USAA was ready to close its files, Nugent would send a report to Gallagher Bassett. After the six-month deadline for notice to the City, in June 1991, Ressler received a letter from Gallagher Bassett saying it was still awaiting USAA's paperwork. On July 12, 1991, USAA concluded its loss adjustment and, on July 24, sent a letter to Walt Williams at the City of LaGrange Water Department. On August 13, 1991, USAA received a letter from Gallagher Bassett denying liability for the claim based on OCGA § 36-33-5. *Held*:

1. The evidence, viewed most favorably to USAA as the non-moving party on City of LaGrange's motion for summary judgment (see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474)), does not raise a genuine issue of material fact whether USAA complied with the notice provisions of OCGA § 36-33-5; and the City of LaGrange is entitled to judgment as a matter of law.

It is undisputed that the only *written* timely notice of USAA's claim against the City was sent to the City's insurance company. The City's insurer or claims adjustor is not "the governing authority of the municipal corporation." OCGA § 36-33-5 (b). The mayor and the City Council are the governing authority of the City; only they can settle the claim. The insurer is not a "department" of the City, nor is

it the "agent" of the "governing authority of the municipality." The contract between the City and its insurer does not convert the insurer to the agent of the City for the purpose of ante litem notice required by OCGA § 36-33-5, for the insurer's interests are not identical to the City's interests, as the insurer may deny coverage on some basis having nothing to do with the City's liability for damages to the claimant.

"Substantial compliance" satisfies OCGA § 36-33-5 (*Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653)), the object being simply to give the City notice that a party has a grievance against it (*Langley v. City Council of Augusta*, 118 Ga. 590, 600 (45 SE 486)), but notice to the City's insurer is not substantial compliance with the requirement of notice to the governing authority of the municipality. See *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (339 SE2d 287).

2. Timely written ante litem notice not having been presented to the governing authority of the City, USAA must rely entirely on its claim of "waiver" of notice by an official in the City's personnel department.

Although a person may waive what the law has established in his favor if he does not injure others or affect the public interest, waiver of laws made for preservation of public order may not be abrogated by agreement. OCGA § 1-3-7. Where the public has an interest in a legal requirement, it may not be waived by the parties. *Hilt v. Young*, 116 Ga. 708 (43 SE 76). The statutory requirements for ante litem notice to the governing authority of the City generally may not be waived by the City or by an individual, even if that individual is the official directly responsible for the injury or for claims adjustment. To allow waiver by an individual of the legal requirements established for the benefit of the City completely obverts the statute and creates new issues and new dangers. What might be verbally agreed to by an individual in governing capacity may not be subject to proof if that individual becomes incapacitated or dies. The official might even deny having made a waiver. An individual may not verbally waive for the city what the law requires to be done in writing.

Moreover, "[a] governing authority cannot be estopped as the result of an *ultra vires* act on the part of one of its officers." *Gillingwater*, supra at 241-242. In *Holland v. City of Calhoun*, 114 Ga. App. 51, 53 (150 SE2d 155), we held that because of the City Council's dealings with the claimant, the City was estopped to deny that it had proper notice of the claim; but the Supreme Court reversed that decision and held that public officials could not act outside their powers, and that the City Council had "no right to waive the requirements of [OCGA § 36-33-5]." *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752).

In *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 2 (421

SE2d 113), we found compliance with OCGA § 36-33-5, but we also found a waiver of its requirements because the official to whom notice was sent, the Assistant City Attorney in charge of the claims division, told the claimant to send the notice to him. Id. at 2. However, notice to the Assistant City Attorney in charge of the claims division *was* notice to the City, so the official did not in fact "waive" notice.

No written notice having been presented to the governing authority of the municipality for adjustment as required by OCGA § 36-33-5, and as no waiver of notice may be claimed, the trial court's denial of summary judgment to the City was error.

*Judgment reversed. Pope, C. J., and Andrews, J., concur.*

DECIDED NOVEMBER 17, 1993.

*Lewis, Taylor & Lee, Jeffrey M. Todd,* for appellant.
*Swift, Currie, McGhee & Hiers, Frederick O. Ferrand, Kristine B. Morain, Cozen & O'Connor, Linda C. Hinson,* for appellee.