A93A1416. BROWN v. CITY OF CHAMBLEE et al.
(438 SE2d 396)

SMITH, Judge.

Plaintiff Brown brought this action under OCGA § 36-33-4 against the City of Chamblee, its mayor, city council members, city clerk, chief of police, a police officer, and the city electrical inspector. He alleged the defendants conspired to injure him by discontinuing electrical service to his business in July 1991 and participated in a "vendetta" against him. Brown prayed for injunctive relief. During a hearing held in January 1992, the parties reached a stipulation which concluded that hearing. Thereafter, all defendants with the exception of Leighton Barker, the city electrical inspector, filed a motion for summary judgment. The trial court granted the motion in a comprehensive, well-reasoned order. We affirm.

The undisputed facts in the record show that Brown owns an up-

holstery shop in a building adjacent to the building housing the city police department and jail. These buildings apparently share a common wall. During renovation of the Chamblee Police Department building in 1990, appellee Marc Johnson and other police officers noticed signs of water leaking along the common wall. A roofer inspected the roof and pointed out to Johnson that water was entering the building through Brown's roof, which had rotted near the common wall. Brown was asked to repair the roof, and he stated he would do so.

After renovations were completed, however, water continued to leak through the common wall. While Johnson was investigating the damage, he looked through Brown's shop window and saw water running through an electrical panel box mounted on the common wall. He observed a squeegee leaning against the wall, corrosion on the box, water stains on the wall around the box, and water-damaged sheetrock. Concerned about the fire hazard presented by water running through an electrical panel, particularly with respect to prisoners confined in the city jail, he notified DeKalb County Fire Inspector Vincent, who is not a party to this action.

Vincent entered and inspected the premises and issued a "Notice of Fire Hazard" to Brown, which included a request to obtain an electrical inspection due to water entering the panel. Vincent testified that he made an independent determination that the situation was hazardous. Vincent further testified that as part of his duties, he notified appellees Johnson, City Clerk Kathy Brannon, and Police Chief Reed Miller of his findings. Brannon testified that once Vincent had served a notice of hazard, she had no choice but to call in the city electrical inspector.

Defendant Leighton Barker, an electrical inspector for the City of Chamblee, testified that he received notice through Brannon that the DeKalb County fire marshal had issued a hazard notice at Brown's shop. Brannon asked him to perform an inspection to determine if water was causing a hazard around the panel box area. Barker went to the shop and looked through the window at the panel box, which was "just a few feet" away. He observed water splashing on the top of the panel box, and water marks on the wall and the sides of the panel box. The panel box was not of a waterproof design. Based on these observations, Barker determined that a violation had occurred; he asked Brannon to type up a hazard notice and serve it on Brown. This notice shows service upon Brown on June 28, 1991. It requires that a licensed electrician obtain city permits to remedy the problem by July 1, 1991, to avoid disconnection of the electric service. Neither Barker nor Brannon heard anything further from Brown. After another 24 hours elapsed because of the weekend, electrical service was disconnected on July 2, 1991. Appellees submitted verified copies of

the relevant sections of the National Electrical Code and municipal ordinances under which the hazard notice was issued.

In response to the testimony and affidavits submitted by appellees, Brown filed an affidavit in which he stated that neither the county fire inspector nor the city electrical inspector conducted a proper inspection of his panel box. He maintained that he made no alterations in the panel box before it was reinspected and his service was restored in January 1992. However, on his deposition Brown acknowledged that his roof was reshingled in September 1991. Brown further stated in his affidavit that appellees were engaged in a vendetta against him because of his political opposition to the mayor, contending that the mayor orchestrated the inspections and termination of his electrical service as part of this vendetta. In support of this contention, he stated that he was also issued a citation for a "nuisance junk vehicle" stored on his property.

1. In three enumerations of error, Brown contends that the trial court erred in granting summary judgment against him on his claim for damages under OCGA § 36-33-4. That Code section provides: "Members of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law." The Georgia Supreme Court has interpreted this Code section to require proof of two elements: "that [city officials] acted contrary to a non-discretionary, ministerial duty and that they acted with malice." *City of Hawkinsville v. Wilson & Wilson, Inc.*, 231 Ga. 110, 112 (3) (200 SE2d 262) (1973).

On summary judgment, "[a] defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Brown has presented no evidence supporting his allegations of a general conspiracy among various city officials. He has not pointed to any depositions or discovery which would support his contentions. In essence, Brown was cited for an electrical code violation and for having a derelict car on his premises, and he disagrees with the basis for these citations. Without more, this disagreement between Brown and city officials does not rise to the level required to show liability under OCGA § 36-33-4. Brown has not pointed to any evidence that the appellees acted contrary to a nondiscretionary, ministerial duty or that

they acted with malice. His averment by affidavit of the existence of a conspiracy is wholly conclusory, amounts to mere reargument of his claim, and standing alone, will not create a material issue of fact for trial. *Ekokotu v. Pizza Hut*, 205 Ga. App. 534, 536 (2) (422 SE2d 903) (1992); *Richard A. Naso & Assoc. v. Diffusion*, 194 Ga. App. 201, 204 (390 SE2d 106) (1990). The trial court did not err in granting summary judgment to the appellees.

2. The trial court dismissed Brown's complaint against the City of Chamblee because Brown failed to provide the city with written notice of his claim within six months of the events giving rise to his claim, as required by OCGA § 36-33-5 (b). The record contains no such ante litem notice, and Brown does not allege the sending of a notice in his complaint or state that he did so in his affidavit. "The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. [Cit.] 'Formal, written notice is required. . . .' [Cits.]" *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287) (1985).

Brown contends that the "Hazard Notice" issued *by the city* constitutes ante litem notice on his behalf. This contention is completely without merit. First, this document merely states that the city has found a hazardous condition on Brown's property and orders him to correct it. It is a notice of a "hazard" directed *to* Brown, not notice of a "claim" *by* Brown. Second, the notice was a document prepared by the city that was not given or presented to the city by Brown, as required in OCGA § 36-33-5. The trial court did not err in dismissing Brown's claim against the City of Chamblee.

3. Brown next contends that the trial court erred in granting summary judgment on an equitable action seeking an injunction. Brown presents no argument or citation of authority on this enumeration, and it is therefore deemed abandoned. Court of Appeals Rule 15 (c); *Roswell Properties v. Salle*, 208 Ga. App. 202, 206 (6) (430 SE2d 404) (1993). Moreover, it is apparent from the record that any issues pertaining to an injunction were resolved at the hearing in January 1992 and that Brown's electrical service has been restored. Therefore this contention is rendered moot. *Kem Mfg. Corp. v. Sant*, 182 Ga. App. 135, 138 (2), n. 1 (355 SE2d 437) (1987); see *Acree v. Walls*, 240 Ga. 778, 786 (2) (243 SE2d 489) (1978).

Upon judgment on this court's remittitur, the trial court is ordered, pursuant to Court of Appeals Rule 26 (b), to impose a penalty against appellant in the amount of $500.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 29, 1993.

*Richardson & Chenggis, George G. Chenggis*, for appellant.
*Jenkins & Eells, Frank E. Jenkins III, Kirk R. Fjelstul, Fowler, Hein & Kremier, Joe L. Fowler*, for appellees.