A93A2368. CLARK v. CITY OF SMYRNA.
(442 SE2d 461)

COOPER, Judge.

Appellant sued the City of Smyrna for injuries he allegedly sustained when he fell on a defective sidewalk. He appeals from the trial court's grant of summary judgment to the city based on his failure to provide timely, written ante litem notice in accordance with OCGA § 36-33-5.

On the day appellant was injured, he telephoned Smyrna City Hall and reported his injury and desire to make a claim against the city to the city employee who answered the telephone. The employee summarized the call in writing and referred the matter to a Jane Mears, who was identified as the person responsible for handling claims against the city. Mears referred the matter to the city's insurer's adjustment firm. A claims adjuster sent appellant a medical authorization form to complete and return to her. The forms were completed and returned. Appellant was subsequently notified by the

city's insurer that his claim was denied. Appellant contends he substantially complied with the ante litem notice statute and that because of his contact with the city's insurer and adjuster, the city is estopped from raising OCGA § 36-33-5 as a bar to his claim.

1. OCGA § 36-33-5 (b) provides, in pertinent part, as follows: "Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person . . . having the claim shall present the claim *in writing* to the governing authority of the municipal corporation for adjustment. . . . No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." (Emphasis supplied.) "The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim. [Cit.] 'Formal, written notice is required. . .' [Cits.] Although [appellant] contends that there has been substantial compliance with the statutory ante litem notice requirement, we have been provided no authority, nor are we aware of any, holding that oral notice to a municipal corporation or a representative thereof may be considered substantial compliance with the provisions of the statute. [Cit.]" (Indention omitted.) *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287) (1985). Moreover, documents prepared by city employees and its insurer were not presented to the city by appellant as required by the statute and thus cannot constitute proper ante litem notice. *Brown v. City of Chamblee*, 211 Ga. App. 145 (438 SE2d 396) (1993).

2. Nor do we find that the city waived the ante litem notice requirement because appellant's claim was referred to the city's insurer. Appellant contends that by referring his oral claim to its insurance adjuster, the city created an alternative method of handling tort claims. "[R]eference of the claim to an insurance carrier which undertook an investigation and settlement, can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it. [Cit.]" *Schaefer v. Mayor &c. of Athens*, 120 Ga. App. 301, 302-303 (6) (170 SE2d 339) (1969). It is well established that governing officials cannot waive statutory ante litem notice requirements. *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752) (1966). Accordingly, the trial court did not err in granting summary judgment to the city.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 28, 1994 — ■

*Thomas M. West*, for appellant.
*Carter & Ansley, Christopher N. Shuman, Christine G. Mont-*

*gomery*, for appellee.