A99A1277. EVANS et al. v. CITY OF COVINGTON et al.
(523 SE2d 594)

MILLER, Judge.

Shortly after tripping on a sidewalk in disrepair, Jeanne Evans contacted the City of Covington for compensation and was referred to the city's insurance company, USF&G. Within days, USF&G began payments under a partial settlement with Evans, which allowed her to seek further compensation if her injuries were worse than expected. Ten months later Evans concluded that her injuries were indeed worse, but USF&G refused to pay more than $15,000. Evans sent the city an ante litem notice of her claim. Joined by her husband, who alleged a claim for loss of consortium, she later sued the city for negligence. The court entered summary judgment on both claims on the ground that the ante litem notice was more than six

---

months after the accident.[1] Because a city may not waive OCGA § 36-33-5's ante litem notice provisions, we affirm.

1. As a condition precedent to bringing a tort suit against a city, OCGA § 36-33-5 requires the injured person to present a written claim to the city's governing authority within six months of the incident.[2] Although substantial compliance with the statute suffices,[3] "[f]ormal, written notice is required."[4] Oral notice is insufficient.[5]

Because the only writing Evans gave to the city was her counsel's letter sent ten months after the incident, she does not contend that she complied with the ante litem notice requirement.[6] The statute also required her husband to give written notice under the statute,[7] which he did not do.

2. Rather, Evans and her husband argue that the city waived its right to the ante litem notice when it allowed USF&G to enter into and begin performing a partial settlement agreement on its behalf. But assuming USF&G purported to waive the ante litem notice, it did not have the authority to bind the city to such a waiver. An insurer is not an agent of a city for purposes of the ante litem notice.[8] "Reference of the claim to an insurance carrier which undertook an investigation and settlement, can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it."[9] Whether the insurer reaches a settlement agreement with the claimant plays no role in determining the need for the statutory ante litem notice.

Even if a city official had expressly waived the requirement, this waiver would have been ineffectual. "It is well established that gov-

---

[1] See OCGA § 36-33-5 (b).

[2] *City of Chamblee v. Maxwell*, 264 Ga. 635, 636 (452 SE2d 488) (1994); *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287) (1985).

[3] *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 3 (1) (421 SE2d 113) (1992).

[4] (Citations and punctuation omitted.) *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (1) (442 SE2d 461) (1994).

[5] *City of Calhoun v. Holland*, 222 Ga. 817 (152 SE2d 752) (1966).

[6] Evans does not argue that USF&G's letter to her confirming the partial settlement agreement constituted the ante litem notice, nor could she, as this writing was not from her but to her from USF&G. See *Clark*, supra, 212 Ga. App. at 599 (1) ("documents prepared by city employees and its insurer were not presented to the city by appellant as required by the statute and thus cannot constitute proper ante litem notice"); *Brown v. City of Chamblee*, 211 Ga. App. 145, 148 (2) (438 SE2d 396) (1993) (claimant must give notice to the city, not vice versa); *Chiles v. City of Smyrna*, 146 Ga. App. 260, 262 (3) (246 SE2d 117) (1978) ("the notice required in [OCGA § 36-33-5] must be given by the person injured and having the claim"). Moreover, notice to a city's insurance company cannot suffice as the notice required by OCGA § 36-33-5. *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19, 20 (1) (438 SE2d 137) (1993); *Allen v. City of Macon*, 118 Ga. App. 88, 89 (162 SE2d 783) (1968).

[7] See *Campbell v. City of Atlanta*, 117 Ga. App. 824 (162 SE2d 213) (1968).

[8] *City of LaGrange*, supra, 211 Ga. App. at 21 (1).

[9] (Citations and punctuation omitted.) *Clark*, supra, 212 Ga. App. at 599 (2).

erning officials cannot waive statutory ante litem notice requirements."[10]

3. Evans argues that because USF&G, on behalf of the city, reached and partially consummated the interim settlement agreement with her, the city was estopped from asserting the "lack of ante litem notice" defense. But an insurer is not the agent of a city for the purpose of ante litem notice.[11] Only the city's governing body, i.e., the city council, may act so as to estop the city, and then only if not acting ultra vires.[12] Because a city council has no right to waive the requirements of OCGA § 36-33-5, a city cannot be estopped from raising the defense of no ante litem notice.[13]

The court did not err in granting summary judgment to the city.
*Judgment affirmed. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED OCTOBER 15, 1999.

*Strauss & Walker, John T. Strauss*, for appellants.
*Cobb, Grabbe, Spillers & Irwin, R. Chris Irwin*, for appellees.

---

[10] Id.; see OCGA § 1-3-7; *City of Calhoun*, supra, 222 Ga. at 819; *City of LaGrange*, supra, 211 Ga. App. at 21 (2).

[11] Id. at 21 (1).

[12] *Allright Auto Parks v. City of Atlanta*, 257 Ga. 315, 316 (1) (357 SE2d 797) (1987); *Corey Outdoor Advertising v. Bd. of Zoning &c. of Atlanta*, 254 Ga. 221, 224 (3) (327 SE2d 178) (1985); *City of Calhoun*, supra, 222 Ga. at 819; see OCGA § 45-6-5.

[13] *City of Calhoun*, supra, 222 Ga. at 819; *City of LaGrange*, supra, 211 Ga. App. at 21 (2); see *Gillingwater*, supra, 177 Ga. App. at 241 (2).