A04A0600. VAILLANT v. CITY OF ATLANTA et al.

(599 SE2d 261)

RUFFIN, Presiding Judge.

Michelle Vaillant sued several defendants, including the City of Atlanta d/b/a Hartsfield Atlanta International Airport ("the City"), alleging that she was injured when an airport employee pushed her as she boarded a train at the airport's "T"-terminal. The City moved for summary judgment based on Vaillant's failure to comply with the ante litem notice requirements in OCGA § 36-33-5 (b). The trial court granted the City's motion. For reasons that follow, we affirm.

Summary judgment is appropriate when the moving party demonstrates that no genuine issues of material fact remain and that the facts, construed favorably to the nonmoving party, demand judgment as a matter of law.[1] On appeal, we review the trial court's grant of summary judgment de novo.[2]

Viewed in this manner, the record shows that Vaillant, who has only one leg and uses crutches, fell when she was pushed from behind as she boarded a train at the airport on January 16, 2001. According to Vaillant, the man who pushed her was wearing a green sports coat with a name tag and appeared to work at the airport. She reported the incident to a woman wearing a similar green coat, who identified the man as Henry Gonzales. The woman stated that she would call a

---

[1] See *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (535 SE2d 854) (2000).

[2] See id. We recently noted that dismissal – not summary judgment – is the proper vehicle for disposing of a claim when a claimant fails to comply with the ante litem requirements. See *Nicholas v. Van*, 252 Ga. App. 411, 414 (556 SE2d 497) (2001). Several of our opinions, however, analyze this type case in the summary judgment context. See, e.g., *Canberg*, supra. Although some confusion apparently exists as to the appropriate vehicle for addressing compliance with OCGA § 36-33-5 (b), Vaillant has not argued that the trial court used the wrong procedure in disposing of her claims against the City. Accordingly, we need not resolve this confusion here.

supervisor and also gave Vaillant an "Air Talk" form to complete. The form stated: "Your concerns are our concerns. How you're treated at Hartsfield is the most important thing to us. TELL US HOW WE ARE DOING."

A short time later, Roland Walker approached Vaillant and identified himself as "the acting supervisor." Walker took Vaillant to an office in the airport, where she gave an oral report describing the incident. Walker reduced that oral report to writing.

The following day, Vaillant completed the "Air Talk" form and mailed it to the airport's customer service manager at the preprinted address on the form. In a section entitled "Your Concerns or Compliment," Vaillant wrote:

> While entering [the] Tram [at the] T-Gate, your employee Henry Gonzales pushed me down — this was reported. I am handicapp[ed] with one leg on crutches. He refused to call [his] Supervisor, or [to] give his last name. I certainly hope this matter will be looked into. There are witness[es] [whose names] were turned into the manager besides [the] report. [Please] contact me at [work] — ASAP. . . . My wrist/shoulder/knee [are] extremely [hurt]. Dr.'s appt. 01/24.

Vaillant provided her name, address, and work telephone number. She also completed a portion of the form asking her to compare the facilities at the Atlanta airport to other airports.

Although Vaillant never received a response regarding the "Air Talk" form, she called the airport's customer service line later in January 2001 and spoke with Pat Daniels about her injuries. Daniels told Vaillant to seek treatment. Daniels also stated that the airport's insurance would pay for the treatment. A few days later, however, Daniels informed Vaillant that the airport would not provide Vaillant with its insurance information. At that point, Vaillant contacted an attorney.

In June 2001, Vaillant gave a recorded statement to Brent Gregory, an insurance adjuster for Capital Claims Service who, Vaillant believes, "adjusted" the claim for the airport. Gregory also took statements regarding the incident from several other individuals.

Vaillant sued the City for negligence in January 2003, asserting that the City, doing business as the airport, was responsible for Gonzales' actions and her fall. Citing the notice requirements in OCGA § 36-33-5 (b), the City moved for summary judgment, and the trial court granted the motion.

OCGA § 36-33-5 (b) provides that,

[w]ithin six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

Notice under this Code section is a precondition to bringing a tort suit against the City.[3] Although substantial compliance with OCGA § 36-33-5 (b) suffices, the claimant must provide formal, written notice.[4] "Oral notice is insufficient."[5]

Vaillant asserts that her written statements in the "Air Talk" form constituted sufficient notice under OCGA § 36-33-5 (b). She claims that such notice enabled the City and its insurance carrier to fully investigate the incident. She further argues that the "Air Talk" form as well as her conduct following the injury show that she presented a claim to the City for adjustment.

In resolving whether Vaillant complied with OCGA § 36-33-5 (b), we must focus on the "Air Talk" form, the only written notice she provided during the six months after her fall. As discussed above, oral notice, even when combined with written notice, cannot satisfy the ante litem requirements.[6] The written notice itself must substantially comply with those requirements, or the claimant's suit is barred.[7] Furthermore, the written notice must "provide the municipality with enough information to enable it to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation."[8] Regardless of whether the City and/or its insurer obtain sufficient information elsewhere — such as through an oral report — to investigate a claim, the claimant must give written notice under OCGA § 36-33-5 (b).[9]

---

[3] See *Evans v. City of Covington*, 240 Ga. App. 373, 374 (1) (523 SE2d 594) (1999).

[4] See id.

[5] Id.

[6] See id.; *Woodall v. City of Villa Rica*, 236 Ga. App. 788, 789-790 (1)-(2) (513 SE2d 525) (1999) (indicating that oral notice of claim cannot cure insufficiencies in written notice that fails to comply with OCGA § 36-33-5 (b)).

[7] See *Carter v. Glenn*, 243 Ga. App. 544, 550 (2) (533 SE2d 109) (2000); *Evans, supra; Woodall,* supra.

[8] *Canberg,* supra at 77-78.

[9] See *Evans,* supra at 374 (no substantial compliance with OCGA § 36-33-5 (b), despite the fact that claimant orally reported claim to city, which referred the claim to city's insurance

Like the trial court, we find that Vaillant failed to satisfy the ante litem notice requirements. Pretermitting whether a written form mailed to the airport's customer service manager constitutes notice to "the governing authority of the municipal corporation,"[10] the contents of Vaillant's "Air Talk" form do not substantially comply with OCGA § 36-33-5 (b).

First, the form does not present a "claim . . . for adjustment."[11] Although Vaillant stated in the "Air Talk" comment section that she was injured by an airport employee and had scheduled a doctor's appointment, she asked only that someone contact her at work and that the "matter . . . be looked into." She mentioned nothing about a claim for damages. Furthermore, Vaillant submitted these written statements, along with her rating of various services at the airport, on a comment/complaint form that addressed customer service and satisfaction.

Neither the language Vaillant used nor the context in which she submitted her complaint suggested that she intended to present a damages claim for adjustment. In short, her statements on the "Air Talk" form were insufficient "to put a reasonable recipient on notice that the injury specified will be pursued as a claim for money damages against the municipality, requiring investigation, analysis and perhaps pre-litigation adjustment."[12] "A mere notice of injury" does not satisfy OCGA § 36-33-5 (b).[13] And, as noted above, any oral conversations with airport personnel that might be construed as a claim for adjustment cannot cure the deficiency in Vaillant's written notice.[14]

Moreover, Vaillant's "Air Talk" form does not state when her injury occurred, despite the statutory requirements. To substantially

---

company, and insurance company made payments to claimant under a partial settlement); *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (1) (442 SE2d 461) (1994) (claimant failed to comply with OCGA § 36-33-5 (b), even though he orally reported the incident to a city employee, who memorialized the report in writing, and the city's insurance company obtained medical information from him); *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287) (1985) (oral notice of claim to city attorney could not be considered as substantial compliance with OCGA § 36-33-5 (b), even though city attorney twice submitted the claim to the city's Accident Review Board for reimbursement).

[10] OCGA § 36-33-5 (b).

[11] Id.

[12] *Woodall*, supra at 790.

[13] Id. at 789. Cf. *Canberg*, supra at 79 (letters to City, in which claimants' attorney stated that claimants sought reimbursement for losses allegedly caused by City's negligence, "make it clear that [the claimants] intend to assert claims against the City for damages and are far more than a 'mere notice of injury' ").

[14] See *Woodall*, supra at 789-790.

comply with OCGA § 36-33-5 (b), the claimant must put the municipality "on notice as to the general character of the complaint, that is, in a general way as to the *time*, place, and extent of the injury, as near as practicable."[15] Vaillant's notice, however, provides no indication as to when her injury occurred, information certainly within her knowledge at the time she mailed the notice. Furthermore, we cannot find that her vague reference to a January 24 doctor's appointment — which could have been scheduled weeks or months after the injury — brings the notice within the statute. Absent *some* indication as to when the injury occurred, Vaillant's written notice fails to satisfy OCGA § 36-33-5 (b). To find otherwise would require us to ignore the clear provisions of the statute.

The record shows that Vaillant's "Air Talk" form did not substantially comply with the notice requirements in OCGA § 36-33-5 (b). Accordingly, the trial court properly granted the City's motion for summary judgment.

*Judgment affirmed. Eldridge and Adams, JJ., concur.*

DECIDED MAY 6, 2004.

*Tracey A. Moran*, for appellant.
*Bird & Mabrey, J. Marcus Howard*, for appellees.

---

[15] (Punctuation omitted; emphasis supplied.) *Columbus, Georgia v. Preston*, 155 Ga. App. 379, 380 (1) (270 SE2d 909) (1980).