**THIRD DIVISION**
**GOBEIL, J.,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 28, 2019**

# In the Court of Appeals of Georgia

A18A1806. CITY OF ALBANY v. GA HY IMPORTS, LLC d/b/a
  AUTONATION HYUNDAI-ALBANY.

GOBEIL, Judge.

In this interlocutory appeal, the City of Albany, Georgia ("the City") appeals from the Dougherty County Superior Court's denial of the City's motion for judgment on the pleadings in a civil suit brought by GA HY Imports, LLC d/b/a AutoNation Hyundai-Albany ("AutoNation") against the City related to damages AutoNation suffered after its property flooded due to the City's alleged failure to adequately drain storm water. In its motion, the City maintained that AutoNation's ante litem notice failed to comply with several provisions of the ante litem notice statute, OCGA § 36-33-5. The trial court denied the motion, concluding that AutoNation's notice substantially complied with the requirements of the statute. On

appeal, the City argues that (1) AutoNation failed to comply with OCGA § 36-33-5 (f) and the trial court erred in implicitly finding that the law requires only substantial compliance with this provision ; (2) AutoNation's letters failed to present timely written notice of its claims to the City for adjustment, as required under OCGA § 36-33-5 (a) and (b) ; (3) AutoNation failed to provide an adequate description of its claim, as required under OCGA § 36-33-5 (b) and (e) ; and (4) the trial court erred in finding that the City's investigation and response to AutoNation constituted a waiver of the defective ante litem notice. For the reasons that follow, we reverse.

On March 18, 2016, counsel for AutoNation sent identical letters to the City Risk Manager, the City Attorney, and the City's Director of Engineering notifying those individuals that approximately 25 of AutoNation's vehicles were damaged following a flood on February 24, 2016, that "was caused by inadequately designed and/or maintained drainage features which are the responsibility of the City of Albany." The letters stated that the damages were "valued at over $800,000," and that AutoNation was "investigating the incident to prepare for a claim against the City of Albany if it is deemed liable for the damage." The letters further stated that "AutoNation hereby puts the City of Albany on notice of this claim and notifies the City of Albany that it will hold these vehicles for fourteen (14) days from the date of

this letter before disposing of the vehicles for salvage so that the vehicles may be inspected if desired." On July 21, 2016, the City Attorney sent AutoNation a letter denying its claim because "the City is protected by sovereign immunity."

On November 22, 2016, AutoNation filed a complaint against the City, alleging claims for interference with enjoyment of its property, nuisance, trespass, negligence, and attorney fees. The City filed its answer , and then filed a motion for judgment on the pleadings, asserting that it was entitled to a judgment in its favor because AutoNation's ante litem notice did not meet the requirements of OCGA § 36-33-5. Specifically, the City argued that the letters were insufficient because they merely advised the City that AutoNation was investigating the incident to prepare for a claim, did not actually present a claim, and failed to provide a specific amount of monetary damages.

In response, AutoNation asserted that its letters substantially complied with the requirements of the ante litem notice statute, as further evidenced by the fact that, in response to the letters, the City conducted its own investigation and inspected the damaged vehicles on two separate occasions and formally denied AutoNation's claim. In support of its position, AutoNation attached a sworn affidavit from its counsel detailing his correspondence with the City Attorney and the City Risk Manager, the

3

City's inspections of the subject vehicles, and the City's letter denying AutoNation's claim.

In reply, the City argued that AutoNation had not substantially complied with the requirements of the ante litem notice statute and that the cases cited by AutoNation all pre-dated amendments to the statute in 2014. Additionally, the City argued that AutoNation failed to serve the correct parties as set forth under the statute. The City then reiterated its argument that AutoNation's letters failed to present a claim and specify an amount of monetary damages, and, even though the City may have conducted an investigation, it was not estopped from asserting that the ante litem notice was defective.

Following a hearing on the motion , the trial court denied relief, explaining as follows:

> The [c]ourt hereby finds that [AutoNation's] letters substantially complied with the requirements of O.C.G.A. § 36-33-5, having presented timely written notice of Plaintiff's claim to Defendant for adjustment, by stating the time, place, and extent of Plaintiff's alleged injuries and the alleged negligence of Defendant which caused such injury. The [c]ourt further finds that following receipt of such notice from Plaintiff, Defendant undertook investigation of the subject flooding event (and the alleged damages caused thereby) by conducting no fewer than two separate inspections of Plaintiff's property on or about March

4

22, 2016, and April 11, 2016, after which time, the City Attorney . . . transmitted a letter to Plaintiff's counsel, dated July 21, 2016, advising of the City's denial of Plaintiff's claim.

As such, Defendant has not shown good cause entitling it to judgment on the pleadings, and Defendant's Motion is accordingly denied. . . . The trial court certified its order for immediate review, pursuant to OCGA § 5-6-34 (b), and we granted the City's application for leave to file an interlocutory appeal.

On appeal, we review de novo the trial court's decision on a motion for judgment on the pleadings

to determine whether the undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts.

*Caldwell v. Church*, 341 Ga. App. 852, 855-56 (2) (802 SE2d 835) (2017) (citation and punctuation omitted).

However, where, as in this case,

5

the part[y] moving for judgment on the pleadings do[es] not introduce affidavits, depositions, or interrogatories in support of [its] motion, such motion is the equivalent of a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss should not be granted unless the averments in the complaint disclose with certainty that the plaintiff[] would not be entitled to relief under any state of facts which could be proved in support of [its] claim.

*Southwest Health & Wellness, LLC v. Work*, 282 Ga. App. 619, 623 (2) (639 SE2d 570) (2006) (citation and punctuation omitted). We review a trial court's ruling on a motion to dismiss de novo. *Seay v. Roberts*, 275 Ga. App. 295, 296 (620 SE2d 417) (2005).

Before a party may bring suit against a municipal entity, such as a city, it must give the city advance notice (i.e. ante litem notice). See OCGA § 36-33-5 (a).[1] "The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (1) (442 SE2d 461) (1994) (citations and punctuation omitted). The ante litem notice statute, however, "is in derogation of the

---

[1] "No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section."

6

common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms." *City of Atlanta v. Benator*, 310 Ga. App. 597, 601 (3) (714 SE2d 109) (2011) (citation and punctuation omitted).

As relevant for purposes of this appeal, the ante litem notice statute provides as follows:

> (b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.
>
> . . .
>
> (f) A claim submitted under this Code section shall be served upon the mayor or the chairperson of the city council or city commission, as the case may be, by delivering the claim to such official personally or by certified mail or statutory overnight delivery.

7

OCGA § 36-33-5 (b), (f). Subsection (f) was added to the statute in 2014. See Ga. L. 2014, p.126, Act 487 § 1 (effective July 1, 2014). "[G]overning officials cannot waive statutory ante litem notice requirements[,]" either expressly or by conduct. *Clark*, 212 Ga. App. at 599 (2); see also *Goen v. City of Atlanta*, 224 Ga. App. 484, 485-86 (2) (481 SE2d 244) (1997) (holding that fact that City had not waived the ante litem notice issue--even though the City had offered to buy the plaintiff's property and did not raise the ante litem notice issue pretrial--because "the failure to give such notice cannot be waived"). Thus, even if an official with the City conducted an investigation into the claim, such action "can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it." *Clark*, 212 Ga. App. at 599 (2) (citation and punctuation omitted); see also *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19, 21 (2) (438 SE2d 137) (1993) ("The statutory requirements for ante litem notice to the governing authority of the city generally may not be waived by the city or by an individual, even if that individual is the official directly responsible for the injury or for claims adjustment."). With these principles in mind, we turn to the enumerations of error on appeal.

1. The City argues that the trial court erred in denying its motion for judgment on the pleadings because AutoNation failed to serve the appropriate city officials, as

required under OCGA § 36-33-5 (f), which it maintains is a fatal jurisdictional defect. On the other hand, AutoNation maintains that substantial compliance with subsection (f) is all that is required, which it achieved by sending the letters to the City Attorney, City Risk Manager, and the City Engineer. This case presents an issue of first impression, as neither our court nor our Supreme Court have interpreted the meaning of subsection (f).

Prior to the 2014 amendment, we held, in the context of addressing compliance with the form and substance requirements of OCGA § 36-33-5 (b), that "[s]ubstantial compliance with the requirements of OCGA § 36-33-5 is all that is necessary." *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000) (footnote omitted); see also *Owens v. City of Greenville*, 290 Ga. 557, 561 (4) (722 SE2d 755) (2012) (noting that "there is no precise standard for determining whether any given ante-litem notice is substantively sufficient" and looking to the relevant language of subsection (b) to determine whether a particular ante litem notice substantially complied with that subsection) (citation and punctuation omitted).

Additionally, the prior version of the statute did not specify any particular individuals or entities to be served with the plaintiff's ante litem notice. See OCGA § 36-33-5 (2013). Rather, under the prior version of the statute, parties were simply

9

directed to "present the claim in writing to the governing authority of the municipal corporation for adjustment." See OCGA § 36-33-5 (b) (2013). This directive often resulted in litigation over whether a plaintiff's notice was sufficient. Compare *Canberg*, 245 Ga. App. at 78 (1) ("Ante litem notice is sufficient if presented to the city attorney or any department or official of the municipal government."); *Burton v. DeKalb County*, 202 Ga. App. 676, 677-78 (415 SE2d 647) (1992) (noting that OCGA § 36-11-1, which governs ante liem notice for claims against counties,"does not specify to whom ante litem notice of a claim must be presented," and, therefore, "ante litem notice is sufficient if presented to the city attorney or any department or official of the municipal government"), with *Carter v. Glenn*, 243 Ga. App. 544, 550 (2) (533 SE2d 109) (2000) (report of incident to local police department failed to comply with the notice requirements of OCGA § 36-33-5)*; Clark*, 212 Ga. App. at 598-99 (1) (holding that oral presentation of plaintiff's claim to an employee at City Hall and referral of claim to City's insurer was not sufficient to comply with notice requirements of OCGA § 36-33-5).

"The General Assembly is presumed to enact all statutes with full knowledge of the existing condition of the law and with reference to it. The meaning and effect of a statute [is] to be determined in connection, not only with the common law and

10

the Constitution, but also with reference to other statutes and decisions of the courts." *Summerlin v. Georgia Pines Community Svc. Bd.*, 286 Ga. 593, 594 (2) (690 SE2d 401) (2010) (citations and punctuation omitted). Thus, we presume that when the General Assembly enacted OCGA § 36-33-5 (f), it was aware of the established jurisprudence that ante litem notice was sufficient if presented to the city attorney or any department or official of the municipal government. Id. By electing to add a separate subsection that expressly and specifically directed that claims under OCGA § 36-33-5 "*shall be served upon the mayor or the chairperson of the city council or city commission*, as the case may be," OCGA § 36-33-5 (f) (emphasis supplied), we conclude that the General Assembly intended to reduce uncertainty by limiting the pool of individuals or entities upon which ante litem notice could be served for purposes of satisfying the notice requirements of the statute. In other words, "we . . . presume that the General Assembly meant what it said and said what it meant." *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted).

Further, "[t]he fundamental rules of statutory construction require us to construe a statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage."

11

*Couch v. Red Roof Inns, Inc.*, 291 Ga. 359, 362 (1) (729 SE2d 378) (2012) (citation and punctuation omitted). Subsection (b) sets forth the general ante litem notice requirements and, prior to 2014, was the only provision providing a general directive as to whom notice should be served on (the governing authority of the municipal corporation). See OCGA § 36-33-5 (2013). With the 2014 amendments, however, subsection (f), in pertinent part, was added expounding upon the existing notice requirements set forth in subsection (b). As discussed previously, subsection (f) expressly provides that claims under OCGA § 36-33-5 "*shall be served upon the mayor or the chairperson of the city council or city commission*, as the case may be." OCGA § 36-33-5 (f). If substantial compliance with subsection (f) was all that is required (i.e. service of notice on other individuals or entities associated with the municipal corporation other than those specified in subsection (f) would be sufficient), then there was no purpose in enacting subsection (f), at least not with the use of the directive "shall," which is a mandatory command. See *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SE2d 674) (2008) ("The general rule is that 'shall' is recognized as a command, and is mandatory."). In other words, to hold, as AutoNation urges, that service of the ante litem notice on individuals or entities not specified in subsection (f) meets the requirements of the statute (although consistent

12

with our "substantial compliance" jurisprudence interpreting the prior version of the statute), would render subsection (f) meaningless and mere surplusage. We "cannot by construction add to, take from, or vary the meaning of unambiguous words in a statute." *Oxmoor Portfolio, LLC v. Flooring & Tile Superstore of Conyers, Inc.*, 320 Ga. App. 640, 642 (1) (740 SE2d 363) (2013) (citation and punctuation omitted). Accordingly, we hold that strict compliance with OCGA § 36-33-5 (f) is required.[2]

It is undisputed that AutoNation failed to serve either the mayor, or the chairperson of the city council or the city commission. Therefore, AutoNation did not comply with the ante litem notice statute, which is fatal to its claim. See *Vaillant v. City of Atlanta*, 267 Ga. App. 294, 296 (599 SE2d 261) (2004) (explaining that compliance with the requirements of OCGA § 36-33-5 is required, "or the claimant's suit is barred.") (footnote omitted). The fact that the City Attorney and City Manager may have investigated the claim in response to AutoNation's letters does not relieve AutoNation of its failure to comply with the requirements of the ante litem notice statute. *Clark*, 212 Ga. App. at 599 (2) ("[G]overning officials cannot waive statutory ante litem notice requirements."); *USAA Ins. Co.*, 211 Ga. App. at 21 (2) ("The

___

[2] Our holding here is limited solely to subsection (f). We express no opinion as to the continued validity of our "substantial compliance" jurisprudence or the level of compliance necessary to satisfy OCGA § 36-33-5's remaining subsections.

statutory requirements for ante litem notice to the governing authority of the city generally may not be waived by the city or by an individual, even if that individual is the official directly responsible for the injury or for claims adjustment."). Thus, the trial court erred in denying the City's motion for judgment on the pleadings.

2. In light of our holding in Division 1, we do not reach the remaining enumerations of error.

Accordingly, for the foregoing reasons, we reverse the trial court's order denying the City's motion for judgment on the pleadings.

*Judgment reversed. Coomer and Hodges, JJ., concur.*

14