**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 8, 2022**

# In the Court of Appeals of Georgia

A21A1292. CITY OF NORCROSS v. JOHNSON.

HODGES, Judge.

In this tort action, we must determine whether Devron Johnson's ante litem notice that sought recovery from the City of Norcross "and any and all other[s] . . . who may have been involved in causing [Johnson's] injuries" complies with the requirements of OCGA § 36-33-5 (e) to "include the specific amount of monetary damages being sought from the municipal corporation." We conclude that such a purported notice is not specific enough to convey the amount of monetary damages sought from the City alone. Therefore, we reverse the State Court of Gwinnett County's order denying the City's motion to dismiss.

Our standard of review is well settled:

On appeal, we review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

(Citation and punctuation omitted.) *Manzanares v. City of Brookhaven*, 352 Ga. App. 293 (834 SE2d 358) (2019). So viewed, the scant record reveals that Johnson sustained injuries when a City police officer turned left from a private driveway and struck Johnson's vehicle on November 30, 2018 in Gwinnett County. On December 24, 2018 and March 29, 2019,[1] Johnson sent ante litem notices to the City stating that he sought "One Million Five Hundred Thousand Dollars in damages against the City of Norcross, and any and all other employees, agencies or entities who may have been involved in causing [Johnson's] injuries. . . ." An adjuster for the City's insurer forwarded a counteroffer to Johnson on August 6, 2020.

---

[1] The second ante litem notice letter is actually dated March 29, 2018 — eight months before the incident occurred — and therefore appears to be a typographical error. We need not address the effect, if any, of the error.

2

Johnson then filed a complaint on November 29, 2020 seeking damages for negligence. The City answered and moved to dismiss Johnson's complaint, arguing that Johnson's ante litem notices were ambiguous and failed to include "the specific amount of monetary damages being sought[,]" violating OCGA § 36-33-5 (e). The trial court denied the City's motion to dismiss, holding that Johnson had, "at the very least, substantially complied with . . . OCGA § 36-33-5," and that the ante litem notices "served [their] purpose by providing Norcross with an opportunity to investigate and attempt to settle [Johnson's] claim" as "evidenced by Norcross' . . . counteroffer." The trial court granted the City a certificate of immediate review, we granted the City's application for interlocutory appeal, and this appeal followed.

1. In two interrelated enumerations of error, the City contends that the trial court erred in finding that Johnson's ante litem notices complied with OCGA § 36-33-5 (e) because the notices did not include "the specific amount of monetary damages being sought from the municipal corporation." We agree.

Pursuant to OCGA § 36-33-5 (b), a person who seeks to assert a claim against a municipal corporation for money damages must, within six months of the event on which the claim is based, "present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the

injury, as nearly as practicable, and the negligence which caused the injury." To that

end, OCGA § 36-33-5 (e) provides that

> [t]he description of the extent of the injury required in subsection (b) of
> this Code section shall include the *specific amount of monetary damages*
> *being sought from the municipal corporation*. The amount of monetary
> damages set forth in such claim shall constitute an offer of compromise.
> In the event such claim is not settled by the municipal corporation and
> the claimant litigates such claim, the amount of monetary damage set
> forth in such claim shall not be binding on the claimant.

(Emphasis supplied.) Irrespective of whether OCGA § 36-33-5 (e) requires

substantial or strict compliance, "a notice does not . . . comply with subsection (e)

unless a specific amount is given. . . ." (Citation and punctuation omitted.)

*Manzanares*, 352 Ga. App. at 296 (1).[2]

---

[2] The trial court's reliance upon *City of Greensboro v. Rowland*, 334 Ga. App. 148, 151 (2) (778 SE2d 409) (2015), for the broad proposition that "only substantial compliance" with OCGA § 36-33-5 is required, was erroneous. Prior to 2014, OCGA § 36-33-5 (b) did not contain "any explicit requirement for the specification of monetary damages." *Pickens v. City of Waco*, 352 Ga. App. 37, 41 (1) (833 SE2d 713) (2019). At that time, it was true that "substantial compliance with OCGA § 36-33-5 [was] all that [was] required" — that is, substantial compliance with OCGA § 36-33-5 (b). *Rowland*, 334 Ga. App. at 151 (2), superseded by statute as recognized by *Wright v. City of Greensboro*, 350 Ga. App. 685, 693 (1) (d) (830 SE2d 228) (2019). In 2014, however, the General Assembly amended OCGA § 36-33-5 to add subsection (e), which stated that an ante litem notice's "description of the extent of the injury required in subsection (b) . . . shall include the specific amount of monetary

In this case, Johnson's ante litem notices stated that he sought "One Million Five Hundred Thousand Dollars in damages against the City of Norcross, *and any and all other employees, agencies or entities who may have been involved in causing [Johnson's] injuries*. . . ." (Emphasis supplied.) However, "a notice does not substantially comply with [OCGA § 36-33-5 (e)] unless a specific amount is given that would constitute an offer that could be accepted by the municipality." *Picklesimer v. City of Eatonton*, 356 Ga. App. 504 (847 SE2d 863) (2020); see also OCGA § 36-33-5 (e) ("The amount of monetary damages set forth in [the ante litem notice] shall constitute an offer of compromise."). Here, Johnson's ante litem notices did nothing to identify the specific amount he sought against the City alone; instead, Johnson stated a global amount which he hoped to recover from a variety of potential

damages being sought from the municipal corporation." See also *Pickens*, 352 Ga. App. at 41 (1). Since the enactment of OCGA § 36-33-5 (e), neither we nor our Supreme Court have resolved the question of whether strict or substantial compliance with OCGA § 36-33-5 (e) is required. See *Hall v. City of Blakely*, 2021 Ga. App. LEXIS 444, *3 (863 SE2d 393, 395-396) (2021); *Pickens*, 352 Ga. App. at 41 (1); compare *City of Albany v. GA HY Imports*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019) (concluding that strict compliance with OCGA § 36-33-5 (f) required). Nevertheless, we need not wade into that thicket here, as "[i]t is settled that a notice does not substantially comply with [OCGA § 36-33-5 (e)] unless it sets out a specific amount that constitutes an offer that could be accepted by the municipality." *Picklesimer v. City of Eatonton*, 356 Ga. App. 504 (847 SE2d 863) (2020); see also *Pickens*, 352 Ga. App. at 43 (1) (same).

5

sources — including, but not limited to, the City.[3] Compare *City of Lafayette v. Chandler*, 354 Ga. App. 259, 262 (840 SE2d 638) (2020) (concluding that demand stating "we will seek to recover $1,000,000.00 (one million dollars) in monetary damages on [the plaintiff's] behalf" was a specific amount of monetary damages that could constitute an offer of compromise and that complied with the ante litem notice requirements). Johnson's notices therefore failed to convey "the specific amount of monetary damages sought from *the City*, nor was it specific enough to constitute an offer of compromise that could be accepted by *the City*." (Emphasis omitted and supplied.) *Manzanares*, 352 Ga. App. at 296 (1).[4] As a result, Johnson's ante litem notices were defective due to their failure to state "the specific amount of monetary

---

[3] An incident report indicates that Johnson was a passenger in the vehicle struck by the City police officer and that another vehicle may have also been involved in the collision.

[4] Although Johnson's ante litem notices contain a specific amount of $1.5 million in monetary damages, see *City of Lafayette*, 354 Ga. App. at 261-262 (finding monetary damage claim of $1 million sufficiently specific), compare *Manzanares*, 352 Ga. App. at 296 (1) (holding monetary damage claim that "may exceed $250,000" not sufficiently specific), Johnson's notices are *not* specific as to the party from whom any defined portion of those overall monetary damages are sought and, thus, are not in the form of an offer of compromise that could be accepted by the City *alone.*

6

damages being sought from the municipal corporation[,]" OCGA § 36-33-5 (e), and it follows that the trial court erred in denying the City's motion to dismiss.

2. The City next asserts in two additional related enumerations that the trial court erred in relying, in some manner, on a counteroffer made to Johnson by an adjuster for the City's insurer as a means to cure Johnson's deficient ante litem notice. Again, we agree.

> An insurer is not an agent of a city for purposes of the ante litem notice. Reference of the claim to an insurance carrier which undertook an investigation and settlement, can not work a waiver of the notice, an estoppel to assert lack thereof, or toll the time for giving it. Whether the insurer reaches a settlement agreement with the claimant plays no role in determining the need for the statutory ante litem notice.

(Citations omitted.) *Evans v. City of Covington*, 240 Ga. App. 373, 374 (2) (523 SE2d 594) (1999). Indeed, "[e]ven if a city official had expressly waived the [ante litem] requirement, this waiver would have been ineffectual . . . [because] . . . governing officials cannot waive statutory ante litem notice requirements." (Citations omitted.) Id. at 374-375 (2). Therefore, to the extent the trial court relied upon any

communications by the City's insurance adjuster to ratify Johnson's ante litem notice, it erred.[5]

In sum, we conclude that Johnson's ante litem notice did not include "the specific amount of monetary damages being sought from the municipal corporation."[6] OCGA § 36-33-5 (e). Because Johnson's notice was defective, we reverse the trial court's order denying the City's motion to dismiss.

*Judgment reversed. Miller, P. J., and Pipkin, J., concur.*

---

[5] Johnson has not provided any persuasive argument why a third party administrator, retained by the City's insurer, should be held to be the City's agent for ante litem purposes when our law makes clear that neither a City official nor an adjuster for the City's insurer could be such an agent.

[6] The City also argues that Johnson had "the sole burden of serving a proper ante litem notice and that burden cannot be shifted[.]" This argument concerns Johnson's statement in the ante litem notice that he would "rely on [the City's] silence as an assertion that the contents [of the ante litem notice] are specified with sufficient statutory detail." This argument is not enumerated as error, nor does it directly address a specific ruling by the trial court. See *Felix v. State*, 271 Ga. 534, 539 (523 SE2d 1) (1999) ("An error of law has as its basis a specific ruling made by the trial court. In order for [this] court to review a trial court ruling for legal error, a party must set forth in the enumeration of errors the allegedly erroneous ruling.") (citation omitted). Therefore, although we need not consider the City's argument, we note that this Court has rejected similar qualifying language in the past. See *Pickens*, 352 Ga. App. at 44 (2) (a) ("[N]othing in [OCGA § 36-33-5] imposes an obligation on the City to notify a claimant that his or her notice is insufficient. To be clear, the claimant alone bears the burden of ensuring that his or her ante litem notice complies with the statutory requirements[.]") (citation omitted).