### 17313.   CITY OF ALBANY *v.* SIMON.

1. The amended petition was not subject to the demurrer.
2. The ante litem notice to the city met the requirements of the law, in that it was sufficient to "enable the municipality to fully investigate the claim and to determine whether it [preferred] to adjust the claim without suit or to contest its validity in the courts;" and it corresponded with the petition "in all substantial respects as to the matters information of which" was required to be given.
3. The evidence amply authorized the jury to find that the defendant had damaged the plaintiff in the manner alleged; and there was no reversible error of law.

DECIDED DECEMBER 14, 1926.

Appeal and Error, 4 C. J. p. 852, n. 56; p. 905, n. 41; p. 1130, n. 61. Municipal Corporations, 28 Cyc. p. 1323, n. 4; p. 1454, n. 52; p. 1465, n. 36; p. 1494, n. 89.

Damages; from city court of Albany—Judge Clayton Jones. March 13, 1926.

*James Tift Mann,* for plaintiff in error.

*Milner & Farkas,* contra.

PER CURIAM. Mrs. Rosalie B. Simon sued the City of Albany for damages, alleging in substance that the city, in grading certain streets, caused rainwater to collect in large quantities on Broad street, just opposite her property, "and, in order to open up Broad street, inserted a drain in front of petitioner's property, leading from the street in front of said property to petitioner's lots, and thereby draining said water on to petitioner's property," thus damaging her lots and the houses thereon. A demurrer to the petition as amended was overruled. The jury rendered a verdict for the plaintiff. The defendant assigns error on the overruling of its demurrer and of its motion for a new trial.

The petition was not subject to the demurrer interposed.

The ante litem notice to the city of the plaintiff's claim met the requirements of the law, in that it was sufficient to "enable the municipality to fully investigate the claim and to determine whether it [preferred] to adjust the claim without suit or to contest its validity in the courts." *Kennedy* v. *Mayor &c. of Savannah,* 8 *Ga. App.* 98 (68 S. E. 652). The notice was "a substantial compliance with the act." *Langley* v. *Augusta,* 118 *Ga.* 601 (45 S. E. 486, 98 Am. St. Rep. 133). An ante litem notice to a municipality is not necessarily as specific as the petition; but in the instant case the notice and the petition did "correspond in all substantial respects as to the matters information of which" was required to be given. *Langley* v. *Augusta,* supra.

Under the facts of the case the charge as to nuisance was not error. *Maguire* v. *Cartersville,* 76 *Ga.* 84; *Massengale* v. *Atlanta,* 113 *Ga.* 966 (39 S. E. 578) ; *Langley* v. *Augusta,* supra.

There was ample evidence to show that the acts of the city, as alleged in the petition, resulted in damage to the plaintiff. The preponderance of the evidence as to the cause of the damage might be summed up in the following testimony of one of the witnesses who had been a tenant on the property in question: "I moved out on account of the water, it got so bad; it got worse because they graded the streets; that was the cause of more water there. . . That culvert [built by the city] . . threw the water on

the lot." There was other evidence as to the cause and extent of the damage.

The evidence being sufficient to authorize the verdict, and there being no reversible error of law shown in the grounds of the amendment to the motion for a new trial, this court will not interfere with the judgment overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., absent on account of illness.*