38473. CITY OF FAIRBURN v. CLANTON.

DECIDED OCTOBER 10, 1960.

558

*William B. Jones,* for plaintiff in error.

*Robert F. Lyle,* contra.

FELTON, Chief Judge. ■ The plaintiff has alleged facts sufficient to show that the negligence of the defendant was the proximate cause of the accident. The petition does not affirmatively show that the victim's motor scooter was not under control or that the operator was overrunning his vision at an excessive rate of speed, and it is a matter of defense for the city to prove to the contrary. It does not appear from the petition that, if the defendant was negligent, its negligence was too remote to be considered the proximate cause of the accident.

■ Although, until 1952, dependency was a condition to an action to recover for the homicide of a child, the intention of the legislature that year is clear when it struck the provision of the *Code* (§ 105-1307) relating to dependency. Therefore, a father may, if there is no mother, wife or children, recover for the homicide of a child, minor or sui juris, irrespective of dependency.

■ On the question presented concerning the work conducted by the City of Fairburn outside the incorporated limits, it not being alleged that the project was ultra vires, this fact renders the city no less liable for its negligent acts. The case of *City Council of Augusta v. Mackey,* 113 Ga. 64 (38 S. E. 339) is the leading case in point. There it was stated: "A municipal corporation which is invested with power to construct a system of waterworks for the benefit of the city beyond its corporate limits, to accomplish which it has been specifically authorized to lay mains and pipes under and across public highways, is liable to one injured by the negligent execution of the power granted." The failure, by signal, sign or other warning device, to put the public on notice of a hazard may constitute negligence.

■ The purpose of the written notice required under *Code Ann.* § 69-308 is to put the city on notice so that it can investigate a claim for the purpose of determining whether it chooses to adjust the claim or contest its validity in the courts. Slight inaccuracies of the facts will not render the notice invalid. *Aldred v. City of Summerville*, 215 Ga. 651 (113 S. E. 2d 108). Moreover, the city under the established principle of law cited, became estopped when, in its acknowledgment of the notice (Exhibit "B") it stated that it had made a complete and thorough investigation of the claim and that it denied the claim, the sole purpose of notice being to provide opportunity for complete investigation.

The court did not err in overruling the demurrers to the plaintiff's petition.

*Judgment affirmed. Nichols and Bell, JJ., concur.*