### A98A1977. WOODALL v. CITY OF VILLA RICA.
(513 SE2d 525)

McMurray, Presiding Judge.

Plaintiff Carrie Jo Woodall brought this tort action against the defendant City of Villa Rica ("the City") seeking to recover for personal injuries sustained on September 30, 1995, when she "fell [allegedly] as a result of the condition of the sidewalk/curb area . . . which had been negligently maintained and installed by the City. . . ." The complaint further alleged that, pursuant to OCGA § 36-33-5 "an ante litem notice has been given to the City . . . for the claim against said City. . . ." Plaintiff relies on the following writing, dated January 8, 1996, as prepared by plaintiff's son, Dr. Steve Woodall, which we quote in its entirety:

"Dear Council Persons — City Manager,

"I am sending a copy of a letter I sent to Mayor Spake on September 13, 1995. I have yet to hear any response on my concerns in the letter so I thought it may have landed on deaf ears. I see many problems that you are dealing with, but I felt these are important issues. I believe it is necessary that rules are made and rules are abided by.

"I make note in the letter about the poor state of condition of the sidewalks downtown. My mother tripped on one of the uneven irregular areas of concrete and broke her left arm. This is a condition that will require surgery to repair her arm. The ridiculous situation is that I have heard that the city has the funds for the repairs but could not settle on a bid. There have been other people to fall on this sidewalk downtown. This should become a priority for the protection of the public and the city.

"I also believe zoning is important. I believe it should be abided by and to see a junk yard in downtown Villa Rica is a disgrace and a problem that can become very hard to get rid of. I cannot understand why you did not learn from the old Gulf station. The area at the old feed mill is many times worse and growing. Can you people not see this? I would hope that the elected and hired officials of the city can make people act like they should and you would protect adjacent property owners.

"I have also wondered in going down North Avenue if we have any kind of building requirements. I see houses that have additions that could not possibly pass any kind of building inspections. Certain standards are not being met because the rooms that are being added

are not even closed in with siding. They are left with insulation as the exterior.

"I'm just a citizen but I believe it is in the best interest of the city if zoning ordinances are enforced. [s/] Steve Woodall, D. D. S."

The trial court concluded the proffered notice was not in substantial compliance with the Code's requirements and granted the City's motion for summary judgment. *Held*:

1. "No person . . . having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section." OCGA § 36-33-5 (a). "Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person . . . having the claim *shall present the claim in writing* to the governing authority of the municipal corporation *for adjustment*, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment." (Emphasis supplied.) OCGA § 36-33-5 (b). Thus, this statute "requires, as a condition precedent to any suit upon a claim for money damages against a municipal corporation on account of injuries to person or property, that the claim shall be presented *for adjustment* to the municipal authorities." (Emphasis supplied.) *Saunders v. City of Fitzgerald*, 113 Ga. 619, 620 (38 SE 978).

We pretermit whether the letter plaintiff's son wrote as a concerned citizen adequately mentions the specifics enumerated by OCGA § 36-33-5 (b), namely "the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury." In our view, this letter simply fails to present any claim or demand for adjustment. "A mere notice of injury, although in writing, and announcing an intention to file suit, does not constitute a presentation of the claim or demand to the governing authorities of the municipality for adjustment so as to meet the requirements of Code (Ann.) § 69-308 [now OCGA § 36-33-5]. *City of Tallapoosa v. Brock*, 138 Ga. 622 (2) (75 S. E. 644)." *Jones v. City Council of Augusta*, 100 Ga. App. 268 (3) (110 SE2d 691). See also *Tanner v. City of Gainesville*, 162 Ga. App. 405, 407 (2) (290 SE2d 541) (whole court). Buried as it is amid reference to a prior letter (that antedates plaintiff's fall); the generally poor state of the sidewalks downtown; the financial ability of the City to repair the sidewalks; multiple instances of poor zoning ordinances; the responsiveness of elected officials to property owners; the lamented absence of building requirements; and the need to enforce existing zoning ordinances, the bare mention of plain-

tiff's arm needing surgery after she tripped on uneven concrete is not sufficient to put a reasonable recipient on notice that the injury specified will be pursued as a claim for money damages against the municipality, requiring investigation, analysis and perhaps prelitigation adjustment. The trial court correctly ruled this evidence of ante litem notice was inadequate to demonstrate substantial compliance with the requirements of OCGA § 36-33-5 (b).

2. The fact that plaintiff orally informed one of the city council members of her injury, showing him the location of her mishap, cannot be considered substantial compliance with the plain provisions of this Code section. *Gillingwater v. City of Valdosta*, 177 Ga. App. 241 (1) (339 SE2d 287).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED MARCH 5, 1999.

*Jack F. Witcher, Joel R. Cope*, for appellant.
*Freeman, Mathis & Gary, Theodore Freeman, Robyn L. Oliver*, for appellee.