A00A0381. CANBERG et al. v. CITY OF TOCCOA.
(535 SE2d 854)

PHIPPS, Judge.

Robert and Kay Canberg sued the City of Toccoa for failing to respond to a fire that destroyed their home. The trial court dismissed five counts of their seven-count complaint for failure to comply with ante litem notice requirements, and they appeal. Because we find that the Canbergs substantially complied with the ante litem notice requirements of OCGA § 36-33-5 (b), we reverse.

On June 9, 1997, the Canbergs' house caught fire. They called the City of Toccoa Fire Department more than once in an attempt to get them to respond to the fire. It took 25 to 30 minutes after the first call before the fire department responded. Although the Canbergs were entitled to fire protection from the City of Toccoa, they claim that when the firemen arrived, they refused to fight the fire because they did not believe that the Canbergs' home was within the city limits.

On October 23 and November 10, 1997, counsel for the Canbergs sent letters to the Toccoa City Manager, requesting a meeting and information about the City's insurance carrier. Counsel for the City of Toccoa responded to those letters and directed the Canbergs' counsel to send all future correspondence on the claim to his attention.

On November 24, 1997, the Canbergs' counsel responded to the City's counsel and included a letter addressed to the Governing Body of the City of Toccoa, the Toccoa City Commissioners, and the City Manager, notifying them as follows:

> Please be advised that this office has been retained to represent the Robert Canberg family in regard to a fire that completely destroyed their home on June 9, 1997. The Canbergs

had lived in their home for 26 years, and approximately two years ago the home was annexed into the city. On June 9, 1997, the Canbergs' home caught fire and the fire department was called. The fire department did not respond for approximately 25 minutes in what should have been a five minute response time. When the truck did arrive there was further delay by the fire department over a discussion as to whether the house was in the city or not. Meanwhile, the Canbergs watched in horror while their home and all their belongings went up in smoke. The City of Toccoa never did anything! To make matters worse, Mrs. Betty Smith, Mr. Canberg's sister, was begging the firemen to put out the fire when one of them turned to her and said that the house was not in the city. She replied that there is a city trash can at the front of the yard. The fireman then had the gall to say that anyone could have put a city trash can in front of their house, that didn't mean anything, in essence calling Mrs. Smith a liar. It is the Canbergs' position that the City of Toccoa Fire Department was at the very least negligent in their dereliction of their duty. Had the fire department responded properly much of the Canbergs' belongings would have been saved. As a result, the Canbergs are damaged in the amount of $196,000 in the loss of their home, furnishings, and personal effects. We respectfully request the City of Toccoa to reimburse the family for their losses, due to the gross negligence and inexcusable behavior of the Toccoa Fire Department. We hope to hear from you at your earliest convenience.

The City's counsel responded with two letters requesting information about the amount received by the Canbergs from their insurance carrier and the amount they contended was still owed. In a letter dated December 9, 1997, the Canbergs' counsel agreed to provide the requested information and notified the City's counsel of "the possibility of a tort claim stemming from the same negligent acts referred to in my earlier correspondence."

On April 26, 1999, the Canbergs filed suit against the City of Toccoa, asserting claims for negligent damage to real and personal property (Count 1), tortious breach of contract (Count 2), tortious breach of legal duty (Count 3), loss of consortium (Count 4), negligent infliction of emotional injury (Count 5), intentional infliction of emotional injury (Count 6), and infraction of public duty (Count 7). The City answered and filed a motion for partial judgment on the pleadings as to all claims except Counts 1 and 7. The City argued that the November 24, 1997 letter did not notify it of the claims in Counts 2

through 6. The trial court concluded that the ante litem notice requirements of OCGA § 36-33-5 (b) had not been met and granted the City's motion.

If, on a motion for judgment on the pleadings, matters outside of the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment.[1] Here the court considered matters outside the pleadings, including the affidavits of Robert Canberg and his counsel, thereby treating the motion as one for summary judgment. We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[2] To prevail, the moving party must demonstrate that there is no genuine issue of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.[3]

1. The Canbergs contend that the trial court erred in finding that they had not substantially complied with the ante litem notice requirements set forth in OCGA § 36-33-5 (b):

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

Substantial compliance with the requirements of OCGA § 36-33-5 is all that is necessary.[4] The statute is in derogation of the common law and must be strictly construed against the municipality.[5] The purpose of the statute is to put the municipality on notice that the claimant has a grievance against it by requiring the claimant to provide, in a general way, the time, place, and extent of injury and the general nature of the complaint.[6] It is necessary only to provide the municipality with enough information to enable it to conduct an

---

[1] OCGA § 9-11-12 (c).
[2] *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996).
[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[4] *City of Atlanta v. Atlantic Realty Co.*, 205 Ga. App. 1, 3 (1) (421 SE2d 113) (1992), citing *Jones v. City of Austell*, 166 Ga. App. 808, 809 (305 SE2d 653) (1983).
[5] *Jones v. Mayor &c. of Savannah*, 52 Ga. App. 537, 539 (3) (184 SE 353) (1936); *Bush v. City of Albany*, 125 Ga. App. 558, 561 (188 SE2d 245) (1972).
[6] *Jones*, supra at 539-540.

investigation into the alleged injuries and determine if the claim should be settled without litigation.[7]

Ante litem notice is sufficient if presented to the city attorney or any department or official of the municipal government.[8] The November 24, 1997 and December 9, 1997 letters were sent to the City's attorney, at his request, and was properly delivered.

We must determine if the November 24, 1997 and December 9, 1997 letters were sufficient to put the City of Toccoa on notice that the Canbergs intended to assert claims against it.

As required by OCGA § 36-33-5 (b), the November 24, 1997 letter notifies the City of the date of the fire (June 9, 1997), the location (the Canbergs' home), the extent of injury (the home was completely destroyed), and the negligence that caused it (the fire department's failure to respond to the fire). Thus, the letter clearly provides notice that the Canbergs seek reimbursement for the loss of their home, furnishings, and personal belongings.

But the letter does more. It describes the Canbergs' trauma, watching their home of 26 years go up in flames while the firemen stood around debating whether the house was within the city limits. It labels the firemen's actions as not merely negligent, but grossly negligent and inexcusable. The facts so clearly described in the letter are used to support the claims set forth in Counts 2 through 6 of the complaint. Moreover, the December 9, 1997 letter specifically references a "tort claim stemming from the same negligent acts."

We find that the November 24, 1997 and December 9, 1997 letters substantially complied with the ante litem notice requirements of OCGA § 36-33-5 (b). The letters provided the City of Toccoa with sufficient information to allow it to investigate the Canbergs' claims and determine if they should be settled prior to litigation. The fact that the amount sought in the complaint exceeds the amount sought in the ante litem notice is immaterial.[9] Nor is the notice required to itemize all damages sought as a result of the City's negligence.[10]

The City relies upon *Woodall v. City of Villa Rica*[11] to support its contention that the Canbergs' notice was insufficient. But, unlike the Canbergs' letters, the letter in *Woodall* was a rambling criticism of the city's sidewalks, zoning ordinances, and building requirements with no mention of any claim that may have been asserted against

---

[7] Id. at 540.

[8] *Burton v. DeKalb County*, 202 Ga. App. 676, 678 (415 SE2d 647) (1992).

[9] *Taylor v. King*, 104 Ga. App. 589, 591 (1) (122 SE2d 265) (1961).

[10] See *Mitchell v. City of St. Marys*, 155 Ga. App. 642, 643 (1) (271 SE2d 895) (1980) (notice mentions injuries to lungs; complaint seeks recovery for lost wages, pain and suffering, and medical expenses); see also *Tanner v. City of Gainesville*, 162 Ga. App. 405, 408 (3) (290 SE2d 541) (1982) (inclusion of monetary amount in ante litem notice not necessary).

[11] 236 Ga. App. 788 (513 SE2d 525) (1999).

the city. The Canbergs' letters make it clear that they intend to assert claims against the City for damages and are far more than a "mere notice of injury."[12]

The City contends that *Jones v. City of Austell*[13] precludes the Canbergs' tort claims because the ante litem notice references only property damage claims. In *Jones*, however, the claims belonged to different parties — one to the tenant and the other to the landlord. The tenant's claim for personal injuries could not also constitute notice of the landlord's claim for property damage. Here, all claims belong to the Canbergs, and the facts necessary to investigate the property damage claims and the tort claims were included in the ante litem notice. In addition, the December 9, 1997 letter specifically references a tort claim.

The City of Toccoa claims that it did not have sufficient notice that the Canbergs would assert the specific tort claims set forth in the complaint. The ante litem notice is not required to be as specific as the complaint. But here "the notice and the petition did 'correspond in all substantial respects as to the matters information of which' was required to be given."[14] This court and our Supreme Court have found substantial compliance with far less information than that provided by the Canbergs.[15]

2. In light of our holding in Division 1, remaining issues are moot.

*Judgment reversed. Johnson, C. J., and Mikell, J., concur.*

DECIDED JUNE 20, 2000 —
RECONSIDERATION DENIED JULY 13, 2000 

*Alton M. Adams, Earle W. Angell,* for appellants.
*McClure, Ramsay & Dickerson, John A. Dickerson,* for appellee.

---

[12] Id. at 789.
[13] 166 Ga. App. 808 (305 SE2d 653) (1983).
[14] (Citation omitted.) *City of Albany v. Simon*, 36 Ga. App. 166, 167 (136 SE 100) (1926).
[15] See *Mitchell*, supra; *Aldred v. City of Summerville*, 215 Ga. 651, 655 (113 SE2d 108) (1960), and cases cited therein.