A04A1346. COLVIN v. CITY OF THOMASVILLE et al.

(603 SE2d 536)

JOHNSON, Presiding Judge.

Henry Jesse David Colvin sued the City of Thomasville, the City Council of the City of Thomasville, and Thomasville city police officers Lon Tryzeciak and Steven Wood (collectively the "City of Thomasville") pertaining to a fall and the resulting physical injury that he sustained as he exited the rear seat of the police vehicle used to transport him from the place of his arrest to the Thomas County jail. The suit alleged that Colvin's hands were handcuffed from behind and that Wood was negligent in failing to give him the appropriate degree of assistance needed to safely exit the rear seat of the police vehicle. The City of Thomasville moved for summary judgment, which the trial court granted.[1] Colvin appeals, alleging the trial court erred in granting the City of Thomasville's motion for summary judgment (1) on the ground that Colvin's ante litem notice failed to meet the requirements of OCGA § 36-33-5, and (2) on the ground that the affidavit of Alex Suarez and the other material

---

[1] The trial court also granted the officers' motion to dismiss based on lack of personal service. Colvin does not appeal this order.

submitted by Colvin failed to create a genuine issue of material fact. We find no error and affirm the trial court's grant of summary judgment to the City of Thomasville.

1. Colvin first contends the trial court erred in finding that his ante litem notice did not meet the requirements of OCGA § 36-33-5. This statute provides as follows:

> (a) No person . . . having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in subsection (b) of this Code section.
>
> (b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person . . . having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

After the City of Thomasville filed its motion for summary judgment, Colvin amended his original complaint to include a copy of a letter prepared by his original attorney which he contends meets the requirements of OCGA § 36-33-5. The letter at issue is addressed to various officials of Thomasville and states as follows:

> This office has been retained by Mr. Colvin to handle his claim for medical and/or wage loss benefits arising out of an incident which occurred on April 16, 1996.
>
> As a result of this incident, Mr. Colvin suffered injuries and sought medical treatment.
>
> This notice is given to you pursuant to the provisions of O.C.G.A. 36-33-5. I request that, pursuant to subsection (c) of the above-cited Code Section, you act on my client's claim within thirty (30) days from the date of this letter.
>
> Please contact me with the name and address of your insurance company, or please ask your insurance agent to contact me with this information.

It is well established that "substantial compliance" is all that is necessary to meet the requirements of OCGA § 36-33-5.[2] The letter at issue in this case, however, does not substantially comply with the statute.

To substantially comply with OCGA § 36-33-5 (b), the claimant must put the municipality on notice that the claimant has a grievance against it by requiring the claimant to provide, in a general way, the time, place, and extent of the injury, as well as the general nature of the complaint.[3] The claimant must provide the municipality with "sufficient definiteness" to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit.[4]

Here, other than providing the municipality with the date of the alleged incident, Colvin's notice provides no indication as to the time, place, and extent of the injury, information certainly within his knowledge at the time he mailed the notice. The letter does not state when the incident took place on the provided date, where the incident took place, the extent of the alleged injuries, or what alleged negligence on the part of the City of Thomasville caused the incident. We find that the notice does not provide "sufficient definiteness" to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit. The trial court did not err in granting summary judgment to the City of Thomasville on this ground.

2. Based on our holding in Division 1, Colvin's contention that the trial court erred in granting the City of Thomasville's motion for summary judgment on an additional ground is hereby rendered moot.[5]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED AUGUST 18, 2004.

*Chevene B. King, Jr.,* for appellant.
*Alexander & Vann, William C. Sanders,* for appellees.

---

[2] *Canberg v. City of Toccoa,* 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000).

[3] *Vaillant v. City of Atlanta,* 267 Ga. App. 294, 297-298 (599 SE2d 261) (2004); *Canberg,* supra; *Jones v. Mayor &c. of Savannah,* 52 Ga. App. 537, 539-540 (3) (184 SE 353) (1936).

[4] *Jones,* supra at 540.

[5] See generally *Lodgenet Entertainment Corp. v. Heritage Inn Assoc.,* 261 Ga. App. 557, 562 (3) (583 SE2d 225) (2003).