S08A1250. CITY OF RINCON v. SEAN AND ASHLEIGH, INC.
(667 SE2d 354)

THOMPSON, Justice.

This is an appeal from the trial court's order enjoining appellant City of Rincon (the "city") from allowing a third party to connect to a sewer line installed by appellee Sean and Ashleigh, Inc. ("Ashleigh"). For the reasons that follow, we affirm.

The city granted Ashleigh permission to install a sewer line that connected to the city's sewerage system. As part of their agreement, Ashleigh paid for all costs of installation and connection of the sewer line and agreed to be responsible for maintenance costs for the sewer line for one year. At the end of that year, the city would allow Ashleigh to dedicate and transfer ownership of the sewer line to the city. Because Ashleigh's property was located some distance from the part of the municipal sewerage system to which it planned to connect its sewer line, Ashleigh sought and the city granted permission for the line to be installed in the city's right-of-way. Ashleigh thereafter installed a lateral sewer line from its building to the city's right-of-way. Consistent with the agreement, Ashleigh also installed a trunk line, a larger line capable of handling sewage from multiple users, along the city's right-of-way and past the Rincon United Methodist Church, which was then under construction, before connecting with

the city's existing sewerage system.

After installation of the lateral and trunk lines was complete, the church notified Ashleigh that it would like to tap into the trunk line. Some discussions were held but an agreement was never reached. The church then requested permission from the city to connect to the trunk line. The city granted permission for the connection upon payment of certain fees, which the church paid.

On the same day that the church began digging to make its connection to the trunk line, Ashleigh notified the city by certified letter that it owned the sewer infrastructure and that the city was without authority to allow the church to connect to its trunk line. Five days later, Ashleigh filed a petition to prohibit trespass, seeking damages and an injunction prohibiting the church from connecting to the trunk line. The trial court entered a temporary order prohibiting the city from

> issuing any permits or any other form of authorization to any entity that would allow that entity to connect to the sewer infrastructure, including the piping and any other infrastructure installed by and paid for by [Ashleigh] in the utility easement.

After a hearing, the trial court entered an order denying the city's motion to dismiss the petition and holding that the city was properly enjoined from allowing the church to connect to the trunk line installed in the city's right-of-way.

1. The city argues that once installed the sewer line became a fixture of the property owned by the city, thereby depriving Ashleigh of authority to bring an action for injury or damage to the sewer line. While it is true that " '[a] sewer laid in a public road in compliance with an agreement . . . becomes a part of the realty in the absence of express or implied terms . . . to indicate otherwise,' " *City of Arlington v. Smith*, 238 Ga. 50 (230 SE2d 863) (1976), the evidence in this case authorized the court to find that the parties had an agreement that Ashleigh would retain ownership of the sewer line. Accordingly, the city was properly enjoined from issuing any permits or other form of authorization that would allow the church to connect to the sewer infrastructure installed and paid for by Ashleigh.

2. Injunctive relief is a proper remedy where, as here, the act complained of constitutes a continuing trespass. See *Turner v. Standard Oil Co.*, 220 Ga. 498 (4) (140 SE2d 208) (1965).

3. We reject the city's contention that its motion to dismiss should have been granted because Ashleigh failed to provide sufficient ante litem notice. See OCGA § 36-33-5. As found by the trial court, Ashleigh "notified the [city] that it did not wish to dedicate the

line and set forth the substantial facts of its cause of action." The city indicated in its reply letter that it "considered the matter closed," thereby giving Ashleigh no relief and requiring it to initiate legal action. Substantial compliance with OCGA § 36-33-5 is all that is required. *Atlanta Taxicab Co. Owners Assoc. v. City of Atlanta*, 281 Ga. 342 (5) (638 SE2d 307) (2006); *Arlington*, supra, 238 Ga. 50 (2).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008 —
RECONSIDERATION DENIED OCTOBER 27, 2008.

*Oliver, Maner & Gray, Patrick T. O'Connor, Benjamin M. Perkins, John R. Dickey*, for appellant.

*Ratchford & Rafter, Richard R. Rafter*, for appellee.