## A09A1831. SIMMONS v. MAYOR AND ALDERMEN OF THE CITY OF SAVANNAH.

(693 SE2d 517)

ADAMS, Judge.

Angela Simmons appeals the trial court's grant of summary judgment to the Mayor and Aldermen of the City of Savannah (the "City") in Simmons' personal injury action against the City. The sole issue on appeal concerns the sufficiency of Simmons' ante litem notice as required under OCGA § 36-33-5 (b).

Viewed in favor of nonmovant Simmons,[1] the record shows that on or about November 16, 2005, she sustained a fall outside her mother's residence at 1108 East 31st Street in Savannah, Georgia. Two water meter boxes were installed in the right-of-way in front of the house in violation of a City policy requiring such boxes to "be level with the finished grade." The ends of the meter boxes were not

---

[1] "Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004).

at the same elevation, and they were not level with the ground. Simmons contends that she tripped over these improperly installed meter boxes and that as a result she suffered serious injuries, including the fracture of her dental plate and an injury to her knee potentially requiring surgery.

Evidence in the record indicates that Simmons first orally notified the City of her injuries on November 28, 2005, and the City's incident report lists the location of her fall as 31st and Waters Avenue. An investigator checked her claim and photographed the site, captioning the photographs "East 31t [sic] and Waters Ave." Afterwards, the investigator issued a work order to lower the meter boxes at 1108 East 31st Street. City records reflect that on December 5, 2005, the meter boxes at 1108 East 31st Street were reset and lowered to the proper elevation pursuant to that work order.

The City investigator noted in his report, however, that the City had no prior knowledge of any problems with the meter boxes and recommended that the City deny Simmons' claim. Subsequently, on December 19, 2005, a representative of the City's risk management division wrote Simmons at the 31st Street address to inform her that the City denied any responsibility for her injuries due to lack of prior notice. On March 16, 2006, Simmons submitted a formal ante litem notice to the City pursuant to OCGA § 36-33-5. The ante litem notice recited the events surrounding her fall, but erroneously identified the location of the incident as "1108 E. *63rd* Street." (Emphasis supplied.) The City responded by letter dated March 28, 2006, denying Simmons' claim and noting that

> [t]he water meters in question are situated in the tree lawn between the street and the sidewalk. They are clearly visible and open to view. Should the petitioner have exercised ordinary care in exiting her vehicle, she would have seen the water meters and avoided stepping on them.

The letter, however, did not reference the address or location of the water meters it described.

Simmons filed the complaint in this action on November 14, 2007. Although the complaint alleged that Simmons exited her car at "1108 E. *31st* Street," it further alleged that her mother resided at "1108 E. *63rd* Street" and that she tripped and fell over the water meter while walking from her car to her mother's house. Simmons later amended her complaint to correct her mother's address to "1108 E. 31st Street." The City subsequently moved for summary judgment on the ground that Simmons' ante litem notice failed to meet the requirements of OCGA § 36-33-5 (b), and the trial court granted that motion.

Simmons contends on appeal that even with the error in the address, her ante litem notice was sufficient to satisfy the policies behind OCGA § 36-33-5. Subsection (b) of that statute requires:

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim *in writing* to the governing authority of the municipal corporation for adjustment, stating *the* time, *place*, and extent *of the injury, as nearly as practicable*, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

(Emphasis supplied.) "Satisfaction of this notice requirement is a condition precedent to bringing suit against a municipal corporation for damages resulting from injuries to person or property." (Citation and punctuation omitted.) *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. 342, 350 (5) (638 SE2d 307) (2006). And the purpose of the notice is "to provide the municipality with an opportunity to investigate before litigation is commenced so as to determine whether suit can be avoided." Id. at 351 (5). Therefore, "[t]he claimant must provide the municipality with 'sufficient definiteness' to enable the municipality to inquire into the alleged injuries and determine whether the claim shall be adjusted without suit." (Footnote omitted.) *Colvin v. City of Thomasville*, 269 Ga. App. 173, 175 (1) (603 SE2d 536) (2004).

Nevertheless, because the statute is in derogation of the common law, it must be strictly construed against the City. *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000). It is well settled, therefore, that "[s]ubstantial compliance with OCGA § 36-33-5 is all that is required." (Citations omitted.) *City of Rincon v. Sean & Ashleigh. Inc.*, 284 Ga. 465, 467 (3) (667 SE2d 354) (2008). Although "no precise standard" exists for determining whether a particular notice is "substantively sufficient,"

> [t]he information supplied will be deemed sufficient if it puts a municipality on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by the use of the words "as near[ly] as practicable," that absolute exactness need not be had.

(Citations and punctuation omitted.) *Atlanta Taxicab Co. Owners*

*Assn. v. City of Atlanta*, 281 Ga. at 352 (5). See also *Canberg v. City of Toccoa*, 245 Ga. App. at 77-78 (1).

Applying these principles in this case, we are constrained to agree with the trial court that Simmons' ante litem notice was insufficient. The notice, while giving the date and the particulars of Simmons' fall, failed to properly or even generally identify where the incident actually occurred. As the trial court noted, the location specified in the ante litem notice "appears to be more than 30 blocks from the correct location." And while Simmons previously gave an oral report of the incident, allowing the City to investigate the actual site of the fall, Simmons cannot rely upon such oral notice to satisfy the requirements of OCGA § 36-33-5.

> [O]ral notice, even when combined with written notice, cannot satisfy the ante litem requirements. The written notice itself must substantially comply with those require- ments, or the claimant's suit is barred. Furthermore, the written notice must "provide the municipality with enough information to enable it to conduct an investigation into the alleged injuries and determine if the claim should be settled without litigation." Regardless of whether the City and/or its insurer obtain sufficient information elsewhere — such as through an oral report — to investigate a claim, the claimant must give written notice under OCGA § 36-33-5 (b).

*Vaillant v. City of Atlanta*, 267 Ga. App. 294, 296 (599 SE2d 261) (2004). See also *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (2) (442 SE2d 461) (1994) (referral of claim to insurer for investigation and settlement does not constitute waiver of written ante litem notice).

Thus Simmons cannot rely upon the fact of the City's earlier investigation and repairs to avoid the requirements of OCGA § 36-33-5 (b), and the ante litem notice alone does not fulfill the purposes behind the statute. For example, the City would have been entitled to conclude from the written notice that Simmons was revising her earlier report to state an entirely different location for her fall. And it is unclear from the City's response to the notice whether it relied upon an investigation of the meter boxes on E. 31st Street in denying Simmons' claim or whether the City conducted a separate investigation of meter boxes on E. 63rd Street. Certainly, the reason given for denying the claim in the ante litem notice is

different from the reason given for denying Simmons' oral claim.[2] We cannot say, therefore, that Simmons provided the City sufficient written notice of the claim she intended to file, allowing the City the opportunity to investigate and evaluate that claim. It is entirely possible that with proper notice, the City may have chosen in March 2006 to settle Simmons' claim rather than face litigation, even if it did not appear willing to compromise in response to her oral report in December 2005.

Accordingly, we must affirm the trial court's grant of summary judgment in favor of the City. See *Colvin v. City of Thomasville*, 269 Ga. App. at 175 (1) (notice insufficient where it provided only the date of the alleged incident and no other particulars); *Vaillant v. City of Atlanta*, 267 Ga. App. at 297-298 (notice insufficient when it failed, inter alia, to inform defendant when injury occurred).

Contrary to Simmons' argument, this Court's opinion in *City of Fairburn v. Clanton*, 102 Ga. App. 556 (117 SE2d 197) (1960) does not compel a different result. In that case, the plaintiff's ante litem notice erroneously stated that the accident resulting in his son's death occurred within the city limits. This Court held the notice was sufficient in light of the city's response that it made a complete and thorough investigation of the matter. Id. at 559 (4). There is no indication, however, that the notice in *Clanton* incorrectly identified the actual location where the incident occurred. Thus, as distinguished from this case, the error in the notice would not have prevented the city from fully investigating the events surrounding the accident after receiving notice of potential litigation.

*Judgment affirmed. Blackburn, P. J., concurs. Doyle, J., concurs specially.*

DOYLE, Judge, concurring specially.

Because the error in the written ante litem notice was such that if the City had no knowledge of the claim other than what was written in the notice, it would not have been able to investigate the location of Simmons's injury, I am constrained to join in the judgment of the majority that the written notice was insufficient[3] and the unfortunate outcome is demanded. However, this is an overly harsh and unfair result when the spirit and purpose[4] of the

---

[2] Nor does the fact that the complaint eventually stated the correct address relieve Simmons of the burden of providing an accurate ante litem notice. "Because the giving of ante-litem notice is a condition precedent to bringing suit against a municipality, the notification itself cannot be accomplished by amendment after suit has been filed." (Citation omitted.) *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. at 351 (5)

[3] *See Vaillant v. City of Atlanta*, 267 Ga. App. 294, 296 (599 SE2d 261) (2004).

[4] *Atlanta Taxicab Co. Owners Assn. v. City of Atlanta*, 281 Ga. 342, 351 (5) (638 SE2d 307)

ante litem statute was accomplished by the City receiving actual notice of a claim, investigating the proper location, repairing the water meters in question, and evaluating and twice denying Simmons's claim in writing.

The City does not claim that it thought the typographical error in the street address contained in the written ante litem notice was actually a new and different claim from what it had previously investigated on behalf of Simmons. The City simply relies on the fact of the typographical error to support its motion to dismiss.

As a result, it is absurd that this claim would be dismissed because of a typographical error that in no way impacted the City's ability to conduct its investigation (which had already occurred) or its ability to determine if the claim should be settled without litigation.

DECIDED FEBRUARY 17, 2010 —
RECONSIDERATION DENIED APRIL 7, 2010 — 

*Gregory V. Sapp*, for appellant.
*Weiner, Shearouse, Weitz, Greenberg & Shawe, Malcolm Mackenzie III, Anthony R. Casella*, for appellee.

(2006) (The purpose of the notice requirement is "to provide the municipality with an opportunity to investigate before litigation is commenced so as to determine whether suit can be avoided.").