**SECOND DIVISION**
**MILLER, P. J.,**
**DOYLE and REESE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 2, 2017**

# In the Court of Appeals of Georgia

A17A1099. WILLIAMS v. CITY OF ATLANTA.

MILLER, Presiding Judge.

This appeal arises from a personal injury lawsuit brought by Darryl Williams against the City of Atlanta (the "City") for injuries he allegedly sustained when he stepped in an uncovered water meter hole. The City moved for summary judgment on the basis that the ante-litem notice Williams provided was deficient under OCGA § 36-33-5 in that it identified the wrong address for the missing water meter cover. The trial court granted summary judgment to the City, finding that the notice failed to substantially comply with the statutory requirements. For the reasons provided herein, we agree and affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant of

summary judgment de novo, construing the evidence in favor of the nonmovant."
(Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-
665 (595 SE2d 353) (2004).

So viewed, the evidence shows that on October 29, 2011, Williams alleges that
he "tripped and fell on a water maintenance hole that was missing it's *(sic)* cover" and
sustained injuries as a result. The following day, he reported to the Atlanta Police
Department that he fell through an open "manhole" at 425 Chappell Road in Atlanta,
and further stated that the incident took place in the vicinity of the intersection of
Chappell Road and Mayson Turner Road.[1] Subsequently, Williams sent a timely ante-
litem notice to the City, that stated that the incident took place at or near 239
Chappell Road (the "Ante-Litem Address"), but did not include a reference to the
intersection. Williams then filed suit wherein he again took the position through much
of the litigation that the location of the incident was 425 Chappell Road (the
"Litigation Address"). Williams even required that the City designate a representative
for deposition capable of testifying as to the Litigation Address. On appeal, the
parties do not dispute that the incident actually took place at yet another address –

---

[1] Williams offers no explanation for the discrepancy between his claim that his injury was caused by a missing water meter cover and the police report's reference to a manhole cover.

2

380 Chappell Road (the "Actual Address"), which is located near the intersection of Mayson Turner and Chappell Roads.

Upon receiving the ante-litem notice, the City researched 239 Chappell Road, the Ante-Litem Address, and found no record of a water meter at that location. The City proffered undisputed evidence that .3 miles separate the Actual Address and the water meter closest to the Ante-Litem Address, and that there are 20 water meters between the two spots, which are on opposite sides of the street. Also undisputed is the City's evidence that the distance between the Litigation Address and the water meter closest to the Ante-Litem Address is .6 miles, the spots are on opposite sides of the road, and there are 30 separate water meters between the two addresses.

The trial court granted the City's motion for summary judgment on the basis that the ante-litem notice did not substantially comply with the requirements of OCGA § 36-33-5, and this appeal followed.

In his sole enumeration of error, Williams contends that the trial court erred in granting the City's motion for summary judgment because his ante-litem notice substantially complied with OCGA § 36-33-5 given the geographic proximity of the

3

address provided in the notice and the address where Williams actually was injured.

We disagree.[2]

> Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person . . . having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, *stating the time, place, and extent of the injury, as nearly as practicable*, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

(Emphasis supplied.) OCGA § 36-33-5 (b). "This statute is in derogation of the common law, which did not require such ante litem notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms." (Citation and punctuation omitted.) *City of Atlanta v. Benator*, 310 Ga. App. 597, 601 (3) (714 SE2d 109) (2011).

Presenting a timely and proper ante-litem notice is a precondition to bringing a personal injury lawsuit against a city. *Atlanta Taxicab Co. Owners Assn. v. City of*

---

[2] Contrary to the City's argument, Williams's brief was timely filed because the Sunday deadline was extended to the following Monday per this Court's rules. See Court of Appeals Rules 3 and 23 (a).

*Atlanta*, 281 Ga. 342, 350 (5) (638 SE2d 307) (2006). "[T]he very purpose of OCGA § 36-33-5 [is to] provide the municipality with an opportunity to investigate before litigation is commenced so as to determine whether suit can be avoided." Id. at 351 (5).

> There is no precise standard for determining whether any given ante-litem notice is substantively sufficient, since substantial compliance with the statute is all that is required. The information supplied will be deemed sufficient if it puts a municipality on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury. The act recognizes, by the use of the words "as nearly as practicable," that absolute exactness need not be had.

(Citations and punctuation omitted.) Id. at 352 (5).

Here, the ante-litem notice Williams provided did not substantially comply with the plain and explicit requirements of OCGA § 36-33-5 (b). Williams provided the City with an incorrect address in his ante-litem notice which directed the City to investigate an address which does not even contain a water meter. Although this address was geographically close to the Actual Address, it is not the geographic proximity of the addresses that matters. Rather, to substantially comply with the statute, the notice itself must provide enough information for the City to be able to

5

properly investigate and adjust a claim pre-litigation.[3] See *Atlanta Taxicab Co. Owners Assn.*, supra, 281 Ga. at 351 (5); see also *Simmons v. Mayor & Alderman of City of Savannah*, 303 Ga. App. 452, 455 (693 SE2d 517) (2010) (ante-litem notice was insufficient when it contained the wrong address even though the city had oral notice of the correct address). In this case, Williams's ante-litem notice deprived the City of the opportunity to properly investigate because there is no water meter located at the Ante-Litem Address, though the surrounding area contains more than 30 other meters.

Given that Williams could not even ascertain where he was injured prior to litigation, and still could not ascertain that fact throughout the course of most of the litigation, it would be unreasonable to expect the City to discern the proper location from the ante-litem notice. Nor should the City have to guess as to the correct

---

[3] Williams's reliance on *City of Fairburn v. Clanton*, 102 Ga. App. 556, 559 (4) (117 SE2d 197) (1960) is misplaced. In that case, the plaintiff's notice was sufficient when he claimed his son was injured within the city limits when the actual location was one-fourth of a mile outside the city limits. This inaccuracy, however, did not affect the city's ability to investigate the claim. Id. This is dissimilar to the facts present here, where Williams's inaccurate information deprived the City of the ability to investigate and adjust the claim pre-litigation.

location.[4] Simply stated, on the facts of this case, which involves a high number of water meters in a small geographic area, Williams's ante-litem notice failed to substantially comply with the requirements of OCGA § 36-33-5. The trial court did not err in granting summary judgment to the City.

*Judgment affirmed. Doyle, and Reese, JJ., concur.*

---

[4] Pretermitting whether information in the police report can be considered for purposes of determining the sufficiency of the ante-litem notice, the police report is of no avail to Williams. Although it provided the relevant intersection, it also provided the Litigation Address, and it is undisputed that there are 30 water meters between the Ante-Litem Address and the Litigation Address.