**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**June 15, 2026**

# In the Court of Appeals of Georgia

A26A0758. WILLIAMS v. ST. AUBYN BROWN et al.

GOBEIL, Judge.

Amagee Williams initiated an action for damages against the City of Atlanta (the "City") and Kasma St. Aubyn Brown, an officer with the Atlanta Police Department ("APD"), after he was involved in a motor vehicle collision with Brown. The City moved to dismiss the complaint, contending that Williams's ante litem notice failed to adequately state the time, place, and extent of the negligence which caused the injury as required by OCGA § 36-33-5(b). Brown also filed a motion to dismiss, arguing that under OCGA § 36-92-3(b), she should not have been named as a defendant. The trial court granted both motions, and on appeal, Williams argues that the trial court erred by dismissing Williams's claims against the City by requiring

strict, rather than substantial, compliance with OCGA § 36-33-5 and that it erred by misapplying the motion to dismiss standard and improperly construing the relevant statutes. He also asserts that the trial court's dismissal of Brown from the suit was premature. For the reasons explained more fully below, we affirm.

> We review a trial court's order dismissing a complaint de novo. Where the order of dismissal was based upon the plaintiff's failure to state a claim upon which relief could be granted, we will affirm the same only where the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted therein. A motion to dismiss asserting sovereign immunity, however, is based upon the trial court's lack of subject matter jurisdiction, rather than the merits of the plaintiff's claim.

*Bonner v. Peterson*, 301 Ga. App. 443, 443 (687 SE2d 676) (2009) (citation modified).

> A motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction, and as a result, a trial court is entitled to make factual findings necessary to resolve the jurisdictional issue. When the trial court determines the jurisdictional issue based upon conflicting facts, the court's determination is reviewed on appeal under the any evidence rule.

*Bd. of Regents of Univ. System of Ga. v. Brooks*, 324 Ga. App. 15, 16 n. 2 (749 SE2d 23) (2013) (citations omitted).

So viewed, the record shows that on September 30, 2024, Williams sent an ante litem notice to the City. The notice included the following heading:

Re: Ante Litem Notice of Tort Claim
Our Client(s): Marcus Woods[1] and Amagee Williams
Date of Loss: 9/15/2024
Case No.: 242521607
Claim No: TBD

The government entity involved in the case was identified as "City of Atlanta." The notice described the time of the accident as "[b]etween 7:00 and 8:00 PM" and the place of the incident as "Martin Luther King Jr. Blvd. Atlanta, GA." In addition, the notice described that the accident occurred "when Defendant, during the course and scope of [her] employment with the City of Atlanta Police Department, and while operating a government-owned vehicle, followed Mr. Woods too closely and struck the rear of his vehicle, causing injuries to their neck and back."

On April 11, 2025, Williams filed a complaint against the City and Brown, raising claims for negligence, negligence per se, and respondeat superior. In his complaint, Williams alleged that the accident occurred on September 8, 2024, instead of September 15, 2024, as stated in his ante litem notice. Specifically, he alleged that

---

[1] Woods was driving the vehicle in which Williams was a passenger at the time of the collision. He is not a party to the instant appeal.

he sustained injuries when the vehicle in which he was a passenger was struck by a patrol car being driven by Brown, an officer with the APD. According to the complaint, the accident occurred on Martin Luther King, Jr. Boulevard near the intersection of Ralph David Abernathy Road. He alleged that at the time of the collision, Brown was operating a city vehicle on behalf of the City and acting "within the course and scope" of her employment with the City. Williams attached his ante litem notice to his complaint as an exhibit.

The City filed a motion to dismiss the complaint. As relevant here, the City argued that Williams failed to comply with the ante litem notice provisions of OCGA § 36-33-5 because the notice failed to adequately or accurately describe the location and date of the incident. In response to the City's motion, Williams argued that the notice, taken as a whole, substantially complied with the statute and provided the City with sufficient information to investigate the claim. In particular, Williams highlighted that his notice included the APD case number pertaining to the collision, which he argued "confirmed the specific location, date, time, and individuals involved in the incident." He maintained that despite the incorrect date, "the discrepancy [was] not fatal" based on other information available to the City.

Brown also filed a motion to dismiss, in which she argued that the complaint should be dismissed as to her because OCGA § 36-92-3(a) and (b) require a plaintiff such as Williams to name the pertinent "local government entity" instead of the officer whose negligent operation of a motor vehicle caused the plaintiff's injury. In response, Williams argued that Brown was a proper party to the suit because she could be liable in her personal capacity if evidence showed that Brown was acting outside the scope of her official duties at the time of the collision.

The trial court granted both motions. As to the City, the trial court ruled that Williams's ante litem notice was deficient because it did not identify the location of the incident with the requisite specificity to allow the City to investigate the claim. This defect, coupled with the incorrect date of the accident, rendered the notice insufficient under OCGA § 36-33-5. With respect to Brown, the trial court reviewed the allegations in Williams's complaint and concluded that Brown was not a proper party to the suit pursuant to OCGA § 36-92-3. This appeal followed.

1. Williams argues that the trial court's ruling amounts to a requirement of strict compliance with OCGA § 36-33-5 rather than substantial compliance. In a related claim of error, he contends that the trial court failed to correctly apply the motion-to-

dismiss standard and did not strictly construe the statute against the City. We disagree.

OCGA § 36-33-5(b) requires:

Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the *time, place, and extent of the injury, as nearly as practicable*, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

(Emphasis supplied.)

The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation. In other words, requiring a claimant to provide the municipality with specific information about his or her claim and alleged injuries, as well as a demand for the specific amount of monetary damages the claimant is seeking as compensation for such injuries, allows the municipality to make an informed decision about whether to accept the "offer of compromise," make a counteroffer, or otherwise resolve the claim in order to avoid litigation.

6

*Hall v. City of Blakely*, 361 Ga. App. 135, 137 (863 SE2d 393) (2021). The giving of ante

litem notice in the manner and within the time required by OCGA § 36-33-5 is a

condition precedent to the maintenance of a suit on the claim. Id. at 136.

Williams is correct that substantial compliance with OCGA § 36-33-5 is all that

is required of a claimant. See *Simmons v. Mayor and Alderman of City of Savannah*, 303

Ga. App. 452, 454 (693 SE2d 517) (2010) (because OCGA § 36-33-5 is in derogation

of the common law, it must be strictly construed against the municipality and

therefore, substantial compliance is all that is required). Williams contends that the

trial court "plac[ed] a heightened burden on Williams to prove substantial compliance

with the ante litem statute," and that the trial court failed to construe all reasonable

inferences in his favor as required. A careful reading of the court's order belies this

contention.

As an initial matter, the trial court cited the correct "substantial compliance"

standard in its order.[2] Nevertheless, Williams contends that even with the errors and

[2] Williams's argument that the trial court erred by relying on cases that were at the summary judgment stage, rather than the motion to dismiss stage, is unavailing. In its order, the trial court cited *Williams v. City of Atlanta*, 342 Ga. App. 470 (803 SE2d 614) (2017). Although that case was at the summary judgment stage, see id. at 470, the trial court in the instant case cited *Williams* to explain the purpose of the ante litem statute, not for the standard of review set forth in that case. In any event,

incomplete address contained in his ante litem notice, the information contained in the notice provided enough "unique identifying details that easily enabled the City to investigate." We are mindful that there is "no precise standard for determining whether any given ante-litem notice is substantially sufficient." *Harrell v. City of Griffin*, 346 Ga. App. 635, 638(1) (816 SE2d 738) (2018). Here, the notice incorrectly listed the date of the accident as "September 15, 2024," and described the location of the accident as "Martin Luther King, Jr. Blvd.," but did not provide an intersection or a street address. The notice described that "Defendant" struck the rear of Woods's vehicle, but Brown's name does not appear in the ante litem notice. In addition, the notice provided a "case number," but nothing in the notice indicates, as Williams claims, that the number was an APD case number. Under these circumstances, the trial court did not err in finding that Williams failed to satisfy the requirements of OCGA § 36-33-5(b). See *City of Moultrie v. Price*, 310 Ga. App. 672, 672-73 (713 SE2d 880) (2011) (plaintiff's notice held insufficient to allow city to investigate claim where

"dismissal — not summary judgment — is the proper vehicle for disposing of a claim when a claimant fails to comply with the ante litem requirements." *Vaillant v. City of Atlanta*, 267 Ga. App. 294, 294 n. 2 (599 SE2d 261) (2004). See also *Jones v. City of Austell*, 166 Ga. App. 808, 810 (305 SE2d 653) (1983) ("In cases where the merits could not have been reached because of the failure of the plaintiff to satisfy a precondition, the appropriate action is dismissal of the case on motion.").

documents plaintiff sent to city's insurer did not indicate that the incident was caused by the city's negligence); *Simmons*, 303 Ga. App. at 455-56 (although notice gave date and particulars of claimant's fall, notice was insufficient because location specified was more than 30 blocks from the actual location of incident); *Colvin v. City of Thomasville*, 269 Ga. App. 173, 175(1) (603 SE2d 536) (2004) (notice failed to substantially comply with statutory requirements where it provided date of alleged incident but did not include what time incident occurred, where incident took place, extent of injuries, or what alleged negligence on the part of the city caused the incident); *Vaillant v. City of Atlanta*, 267 Ga. App. 294, 297-98 (599 SE2d 261) (2004) (among other deficiencies, ante litem notice was defective because it did not provide any indication as to when plaintiff's injury occurred). We therefore affirm the trial court's grant of the City's motion to dismiss.[3]

---

[3] Given our decision affirming the trial court's order, we do not address Williams's arguments pertaining to whether the ante litem notice adequately specified the amount of monetary damages sought; whether Williams sufficiently alleged a waiver of the City's sovereign immunity; and whether Williams was required to join Woods as a plaintiff.

2. Williams also challenges the trial court's dismissal of Brown, arguing that her entitlement to immunity cannot be resolved based solely on the allegations in the complaint. We discern no error.

OCGA § 36-92-3(a) provides in relevant part: "Any local government officer or employee who commits a tort involving the use of a covered motor vehicle while in the performance of his or her official duties is not subject to lawsuit or liability therefor." A "covered" motor vehicle is defined as any motor vehicle owned, leased, or rented by the local government entity. OCGA § 36-92-1(2)(A), (B). OCGA § 36-92-3(b) instructs a claimant such as Williams to "name as a party defendant the local government entity for which the officer or employee was acting and ... not name the local government officer or employee individually."

In its order, the trial court noted that Williams alleged that, at the time of the accident, Brown was a City employee, was acting in the scope of her employment with the City, and that the vehicle she was driving was owned by the City. Williams acknowledges these allegations, but nevertheless argues that resolution of whether or not Brown is subject to suit in the instant case is "impossible at the motion to dismiss

stage" because neither the City nor Brown filed answers to the complaint, therefore the record is devoid of their admissions to Williams's allegations.

"A pleader is bound by the allegations of his own pleadings unless or until removed by amendment and is not permitted to introduce evidence in denial of such admission in judicio." *Bell v. State*, 234 Ga. App. 693, 695 (507 SE2d 535) (1998). Here, Williams alleged that, at the time of the accident, Brown was (1) "employed … as a police officer by [the City] and was traveling in a city police vehicle;" (2) acting "within the scope of [her] employment as an employee and agent of [the City];" and (3) "operating a city vehicle on behalf of [the City]." He further alleged that the collision and his resulting injuries "would not have occurred but for the negligence committed by [Brown], in the course and scope of her employment with [the City]." Williams did not amend his complaint or otherwise attempt to remove these allegations from his complaint. Accepting these allegations as true, which we must in reviewing a trial court's ruling on a motion to dismiss, *Roberson v. Northrup*, 302 Ga. App. 405, 405 (691 SE2d 547) (2010), Williams's complaint demonstrates with certainty that Brown was immune from suit pursuant to OCGA § 36-92-3(a) & (b).

We therefore affirm the trial court's grant of Brown's motion to dismiss.

*Judgment affirmed. Pipkin, J., concurs and Dillard, P. J., concurs in judgment only.*