**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 24, 2019**

# In the Court of Appeals of Georgia

A19A1084. PICKENS v. CITY OF WACO.

GOBEIL, Judge.

Brenda Pickens appeals from the dismissal of her civil negligence complaint against the City of Waco ("the City") and a John Doe defendant on the ground that she failed to include a specific amount of monetary damages being sought from the City in accordance with the ante litem notice requirements of OCGA § 36-33-5 (e). Pickens argues that the trial court erred in dismissing the complaint because (1) the notice specified the amount of damages sought at the time of the notice; (2) the notice substantially complied with the requirements of OCGA § 36-33-5 (e); and (3) Pickens specifically requested that the City notify her if the notice was defective so that corrections could be made, but the City failed to do so, and her complaint should not

be dismissed where the City failed to show that it was harmed by the defective notice. For the reasons that follow, we affirm.

Before a party may bring suit against a municipality, it must give the city advance notice (i.e. ante litem notice). See OCGA § 36-33-5 (a).[1] "The giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Clark v. City of Smyrna*, 212 Ga. App. 598, 599 (1) (442 SE2d 461) (1994) (citations and punctuation omitted). A challenge to the sufficiency of the ante litem notice provided in a given case may be properly raised in a motion to dismiss. See *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018).

> We review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.

---

[1] "No person, firm, or corporation having a claim for money damages against any municipal corporation on account of injuries to person or property shall bring any action against the municipal corporation for such injuries, without first giving notice as provided in this Code section."

2

Id. (citations and punctuation omitted).

So construed, the record shows that on February 5, 2018, Pickens sent her ante litem notice to the City notifying it that, on September 9, 2017, while attending a street festival in the City, Pickens suffered a broken leg and required surgery after she stepped into a hole in the crosswalk area of Wall Street. According to the letter, the hole was adjacent to a water main valve, and residents previously had complained of the hole to the City, but it failed to repair the dangerous condition until after Pickens's injury. She alleged that the City was negligent in the installation and maintenance of the adjacent water valve. Pickens indicated that she was still undergoing physical therapy, might require additional surgery in the future, and was expected to suffer permanent impairment due to the injury. Finally, Pickens asserted

> [t]o the extent that you require [me] to provide a dollar value for this claim, we believe that the value of this claim may exceed $300,000.00. If you contend that this letter does not provide you with sufficient notice pursuant to [OCGA] § 36-33-5, or comply with any notice provision statute, please advise me immediately in writing, and I will correct any deficiencies.

Prior to receiving a response from the City, Pickens filed the underlying complaint in Haralson County Superior Court on April 5, 2018. Subsequently, on April

3

20, 2018, the attorney for the City sent Pickens's counsel a letter in response to the ante litem notice. The letter stated, in relevant part, that the City had "conducted an initial review of the incident and concluded that liability was doubtful under the circumstances. Based on that preliminary investigation the City does deny liability to your client."

Thereafter, the City filed a motion to dismiss the complaint for failure to state a claim upon which relief may be granted, asserting that Pickens's ante litem notice was insufficient because it failed to include the specific amount of monetary damages sought from the City as required by OCGA § 36-33-5 (e). Rather, the City maintained that Pickens had provided only an estimate of the damages, as evidenced by her statement in the ante litem notice that "the value may exceed $300,000.00" The City also simultaneously filed its answer denying each of the associated factual allegations.

In response, Pickens argued that the City's motion to dismiss should be denied because the ante litem notice "clearly set forth a dollar value of the amount of monetary damages, $300,000." Specifically, she maintained that she noted that the value of the claim may exceed $300,000 because she was still undergoing medical treatment, but that the reference of $300,000 was a specific monetary amount as contemplated by the notice requirements of OCGA § 36-33-5 (e). Furthermore, she argued that, even if her

4

notice failed to strictly comply with the requirements of OCGA § 36-33-5 (e), it substantially complied, which is all that is required. Finally, she argued that the City failed to show that it suffered any harm as a result of the alleged defective notice because it had denied liability and had not contacted Pickens regarding any deficiencies in the notice.

The City then filed a reply brief and a supplemental brief in support of its motion to dismiss, and Pickens filed a sur-reply and response to the supplemental brief. After reviewing all of the briefs and relevant legal authority, the trial court granted the City's motion, concluding that, although Pickens specified a dollar amount of $300,000 in her notice, the qualifying comment that the damages "may exceed" that sum confirmed that this was not a specific monetary amount that would constitute an offer that the City could accept. Thus, the court concluded that the ante litem notice failed to comply with the requirements of OCGA § 36-33-5 (e) and dismissed Pickens's complaint. This appeal followed.

As relevant for purposes of this appeal, at the time of Pickens's injury in 2017, the ante litem notice statute provided as follows:

(b) Within six months of the happening of the event upon which a claim against a municipal corporation is predicated, the person, firm, or

5

corporation having the claim shall present the claim in writing to the governing authority of the municipal corporation for adjustment, stating the time, place, and extent of the injury, as nearly as practicable, and the negligence which caused the injury. No action shall be entertained by the courts against the municipal corporation until the cause of action therein has first been presented to the governing authority for adjustment.

. . .

(e) The description of the extent of the injury required in subsection (b) of this Code section shall include *the specific amount of monetary damages being sought from the municipal corporation. The amount of monetary damages set forth in such claim shall constitute an offer of compromise.* In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

OCGA § 36-33-5 (b), (e) (emphasis supplied). Subsection (e) was added to the statute in 2014. See Ga. L. 2014, p.126, Act 487 § 1 (effective July 1, 2014).

"The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims, ascertain the evidence, and avoid unnecessary litigation." *Davis v. City of Forsyth*, 275 Ga. App. 747, 748 (1) (621 SE2d 495) (2005) (citation, punctuation, and footnote omitted). The ante litem notice statute, however, "is in derogation of the common law, which did not require such ante litem

6

notice; therefore it must be strictly construed and not extended beyond its plain and explicit terms." *City of Atlanta v. Benator*, 310 Ga. App. 597, 601 (3) (714 SE2d 109) (2011) (citation and punctuation omitted).

> [Further, w]hen we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant. To that end, we must afford the statutory text its plain and ordinary meaning, we must view the statutory text in the context in which it appears, and we must read [it] in its most natural and reasonable way, as an ordinary speaker of the English language would.

*Deal v. Coleman*, 294 Ga. 170, 172-173 (1) (a) (751 SE2d 337) (2013) (citations and punctuation omitted). With these principles in mind, we turn to the enumerations of error in this appeal.

1. In two interrelated enumerations of error, Pickens argues that the trial court erred in dismissing her complaint because she complied with the express requirements of OCGA § 36-33-5 (e) when she included a specific monetary amount of $300,000. Alternatively, she argues that, at a minimum, her notice substantially complied with the requirements of OCGA § 36-33-5 (e), which is all that is required.

To determine what is required of a claimant under OCGA § 36-33-5 (e), it is necessary first to review the language and history of the statute. Prior to the 2014

revisions, OCGA § 36-33-5 (b) set forth the sole requirements concerning the form and substance of ante litem notice to municipalities. See OCGA § 36-33-5 (b) (1956). Thus, in the pre-2014 context, the ante litem notice statute did not include any explicit requirement for the specification of monetary damages. See id. Nor did the statute provide that specified monetary damages would constitute an offer of compromise to the municipality. Id. Further, in addressing this pre-2014 version of OCGA § 36-33-5, we held that "[s]ubstantial compliance with the requirements of OCGA § 36-33-5 is all that is necessary" to satisfy the form and substance requirements of the statute. *Canberg v. City of Toccoa*, 245 Ga. App. 75, 77 (1) (535 SE2d 854) (2000) (footnote omitted); see also *Owens v. City of Greenville*, 290 Ga. 557, 561-562 (4) (722 SE2d 755) (2012) (noting that "there is no precise standard for determining whether any given ante-litem notice is substantively sufficient" and looking to the relevant language of subsection (b) to determine whether a particular ante litem notice substantially complied with that subsection) (citation and punctuation omitted).

However, in 2014, the General Assembly amended the statute, in part, to add subsection (e), which explicitly provides that the ante litem notice's "description of the extent of the injury required in subsection (b) . . . shall include *the specific amount of monetary damages being sought from the municipal corporation*." OCGA § 36-33-5

8

(e) (2014) (emphasis supplied). Additionally, the General Assembly specified that "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise." Id. Neither this Court nor our Supreme Court has expressly addressed whether substantial compliance (as opposed to strict compliance) with the more recently enacted subsection (e) is all that is required. Nevertheless, for the reasons explained below, we find it unnecessary to decide this question because even assuming arguendo that substantial compliance is all that is required, we conclude that Pickens's ante litem notice was not sufficient.

In this case, Pickens's ante litem notice provided that "[t]o the extent that you require us to provide a dollar value for this claim, we believe that the value of this claim *may exceed* $300,000." (emphasis supplied). Pickens maintains that $300,000 was the specific monetary amount she was seeking at the time she sent the notice to the City (and the City could have accepted this offer and settled her claim), and, therefore, her notice complied with OCGA § 36-33-5 (e) In further support of her argument that her notice complied with the requirements of OCGA § 36-33-5 (e), Pickens compares her case to other cases in which each of the respective plaintiffs' ante litem notices were held to be insufficient because they failed to state any monetary amount, citing *Dorn v. Ga. Dept. of Behavioral Health & Dev. Disabilities*, 329 Ga. App. 384 (765 SE2d

9

385) (2014); *Bd. of Regents of the Univ. System of Ga. v. Myers*, 295 Ga. 843 (764 SE2d 543) (2014); and *Harrell*.

However, Pickens's reliance on *Dorn* and *Myers* is misplaced, as both of those cases involved claims governed by the ante litem notice provisions of the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-26, which applies to claimants that have a tort claim against the State. See *Dorn*, 329 Ga. App. at 385-386; *Myers*, 295 Ga. at 844-845. The GTCA's ante litem notice requirements are different from the applicable ante litem notice requirements of OCGA § 36-33-5, the statute governing Pickens's negligence claim against the City. Compare OCGA § 50-21-26 with OCGA § 36-33-5. For instance, unlike OCGA § 36-33-5, the GTCA does not provide that the amount of damages specified in the notice "shall constitute an offer of compromise." Compare OCGA § 36-33-5 (e) with OCGA § 50-21-26 (a) (5). Thus, any similarities or differences between Pickens's ante litem notice and the notices in *Dorn* and *Myers* are inapplicable.

On the other hand, *Harrell* involved OCGA § 36-33-5 (the applicable statute in Pickens's case), and Harrell's complaint was dismissed because she failed to provide any monetary amount in her ante litem notice as required by subsection (e). 346 Ga. App. at 636-637. Unlike the plaintiff in *Harrell*, Pickens included a monetary amount

10

in her ante litem notice. When considered in its context, however, we conclude that she nevertheless failed to satisfy the express requirements of OCGA § 36-33-5 (e). Specifically, Pickens's statement that "we believe that the value of this claim *may exceed* $300,000" leaves no question that the notice merely provided an estimate of potential damages, and was not "the specific amount of monetary damages being sought from the [City]," (i.e. a settlement offer which the City could have accepted) as contemplated by the unambiguous language of OCGA § 36-33-5 (e).

Pickens asserts that because subsection (e) references subsection (b), she was only required to provide a specific amount of monetary damages, "as nearly as practicable." Thus, she maintains that she substantially complied with the requirements of the statute. We disagree.

Subsections (b) and (e) together set forth the substantive components that must be included in a claimant's ante litem notice. Subsection (b), provides that the ante litem notice shall include "the time, place, and extent of the injury, *as nearly as practicable*," OCGA § 36-33-5 (b), and our Supreme Court concluded that the emphasized language meant that "absolute exactness need not be had." *Owens*, 290 Ga. at 562 (4) (citation omitted). As we explained in *Harrell*,

11

subsection (e) of OCGA § 36-33-5 contains markedly different language than subsection (b); it expressly requires additional "specific" information: "The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought ... [which] shall constitute an offer of compromise." OCGA § 36-33-5 (e). Further, the remainder of subsection (e) directly implies that the defendant may accept such an offer, thereby creating a binding settlement. Id. ("In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.").

*Harrell*, 346 Ga. App. at 638 (1). Thus, "[i]t follows that a notice does not substantially comply with subsection (e) *unless a specific amount is given that would constitute an offer that could be accepted by the municipality.*" Id. (emphasis supplied); see also *Deal*, 294 Ga. at 172 (1) (a) ("[W]e must presume the General Assembly meant what it said and said what it meant.") (citation and punctuation omitted). In other words, consistent with the purpose of the ante litem notice statute (as evinced by the relevant statutory text), subsections (b) and (e) together require a claimant to provide the relevant municipality with information about the events giving rise to his or her injuries, as well as a demand for the "specific amount of monetary damages" the claimant is seeking for said injuries, which allows the municipality to make an informed decision

12

about whether to accept the claimant's offer, make a counter-offer, or take other action to resolve the claim and thereby avoid costly, unnecessary litigation. See *Davis*, 275 Ga. App. at 748 (1) ("The purpose of the ante litem notice requirement is to give the municipality the opportunity to investigate potential claims . . . and avoid unnecessary litigation.") (punctuation and footnote omitted). The fact that a claimant is still undergoing medical treatment, as here, does not prevent a plaintiff from providing a demand for a specific monetary amount of damages being sought from the City as compensation for the plaintiff's injuries as required by OCGA § 36-33-5 (e). The plaintiff can simply include any prospective future costs related to the injuries into the specified monetary amount (as the plaintiff would do if the City rejected his or her offer of compromise following a compliant ante litem notice and the case went to trial before the plaintiff completed medical treatment).

As discussed above, Pickens's ante litem notice merely provided an estimate of potential damages, and an open-ended estimate of potential damages does not constitute a real offer of compromise which the City could have accepted as contemplated by the language and purpose of OCGA § 36-33-5 (e). Consequently, even assuming arguendo that substantial compliance was all that is required, Pickens's notice failed to substantially comply with OCGA § 36-33-5 (e), and, therefore, the trial

13

court properly granted the City's motion to dismiss. See *Harrell*, 346 Ga. App. at 638 (1) (affirming trial court's conclusion that the plaintiff's ante litem notice failed to even substantially comply with OCGA § 36-33-5 (e) when the notice did not include a specific amount of monetary damages that could constitute an offer of compromise to the city).

2 (a). Pickens argues that the trial court erred in dismissing her complaint when she specifically requested that the City notify her if the notice failed to comply with the requirements of OCGA § 36-33-5. Pickens cites no authority for this proposition. Further, nothing in the statute imposes an obligation on the City to notify a claimant that his or her notice is insufficient. See OCGA § 36-33-5. To be clear, the claimant alone bears the burden of ensuring that his or her ante litem notice complies with the statutory requirements, and "[t]he giving of the ante litem notice in the manner and within the time required by the statute is a condition precedent to the maintenance of a suit on the claim." *Clark*, 212 Ga. App. at 599 (1) (citations and punctuation omitted). See also *Vaillant v. City of Atlanta*, 267 Ga. App. 294, 296 (599 SE2d 261) (2004) (explaining that compliance with the requirements of OCGA § 36-33-5 is required, "or the claimant's suit is barred.") (footnote omitted).

14

(b) Alternatively, Pickens argues that the trial court erred in dismissing her complaint because the City could not show that it was harmed by the insufficient ante litem notice given that the City denied liability, and, therefore, would not have accepted any amount that she offered. This argument is unpersuasive. Pickens's argument that the City would not have accepted any offer, no matter the monetary amount, is based on pure speculation. Moreover, the fact that the City conducted a preliminary investigation of her claim in response to her written ante litem notice and denied liability does not remedy Pickens's failure to comply with the requirements of the ante litem notice statute. See *City of Albany v. Ga. HY Imports, LLC*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019) (explaining that even if a city official conducted an investigation into the claim and denied liability, such action did not constitute a waiver of the ante litem notice requirements or relieve the claimant from compliance with said requirements); *Clark*, 212 Ga. App. at 599 (2) ("[G]overning officials cannot waive statutory ante litem notice requirements."); *City of LaGrange v. USAA Ins. Co.*, 211 Ga. App. 19, 21 (2) (438 SE2d 137) (1993) ("The statutory requirements for ante litem notice . . . generally may not be waived by the city or by an individual, even if that

individual is the official directly responsible for the injury or for claims adjustment.").

Accordingly, for the foregoing reasons, we affirm the trial court's dismissal of Pickens's complaint.

*Judgment affirmed. Dillard, P. J., and Hodges, J., concur.*